## Levine Unemployment Compensation Case.

Argued November 14, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Barney Phillips,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General and *Roland M. Morgan,* Associate Counsel, for appellee.

OPINION BY ROSS, J., January 17, 1952:

This is an unemployment compensation case. The compensation authorities disallowed the claim and the claimant has taken the present appeal.

Section 402 (e) of the Unemployment Compensation Law as amended May 29, 1945, P. L. 1145, 43 PS 802, provides, inter alia: "An employe shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . ." The case raises the question of whether the claimant was properly denied benefits on the ground that his employer was justified in discharging him for "willful misconduct connected with his work". The facts set out below are pertinent to that issue.

The claimant was, prior to January 15, 1950, employed in Pittsburgh by one Maracini as a beer salesman. On January 15, the claimant quit his job to move to Miami because of his wife's sinus condition. On March 13 he obtained regular employment as a beer salesman in the Miami district with the Schlitz Brewing Company, working under the supervision of a division sales manager, Mark Rosenberg. Claimant's duties consisted of "opening up accounts with different companies, get advertising material ready, and such things". He accepted employment with Schlitz with the knowledge that he would be required to travel within the state of Florida, and to this requirement he agreed.

The record contains three ex parte versions of the circumstances which precipitated the discharge of the claimant. On July 12, 1950, Rosenberg, claimant's superior, gave testimony at the request of the Pennsylvania Unemployment Compensation Board of Review before a referee appointed by the Employment Security Agency, Department of Labor of Georgia. The witness testified that the claimant had been asked to spend 10 days in Jacksonville to help meet an emergency created by the death of a Schlitz distributor in that city. Upon his refusal to go to Jacksonville, claimant was discharged.

Claimant, on July 19, 1950, testified before a referee appointed by the Florida Industrial Commission at the request of the Pennsylvania compensation authorities. At this hearing Levine stated, "I was suppose to go to Jacksonville on a job. I didn't want to go. The employer said if I wouldn't go I was suppose to hand in my resignation. I would not resign so he fired me."

The final version of the employer's order which resulted in the claimant's discharge was that given by claimant before the Board of Review in Pittsburgh on October 17, 1950. At that hearing the relevant testimony of the claimant was as follows: ". . . he [Rosenberg] said, 'You are going on the road.' I said, 'How long will I be gone?' He said, 'First you will go to Jacksonville.' . . . He said, 'You will go to Jacksonville, or go on the road, or you are fired.' I said, 'I am not going to travel.' I said, 'If it's a matter of my job, I will go.' He said, 'You are fired, and that's all there is about it.'" The claimant testified further that he would have gone to Jacksonville, but that he was unwilling to go on the road permanently because "I have seen too many homes broken up that way".

The compensation authorities found as a fact Rosenberg had informed the claimant that he was "go-

ing on the road" and would start in Jacksonville. It was further found that the claimant refused to accept the assignment and was, for that reason, discharged.

We are agreed that the compensation authorities properly disallowed the claim and will, therefore, affirm the decision of the board.

In *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886, the claimant, a carpenter, was hired to make cabinets and do regular factory maintenance work requiring carpentry. When put to do a job of factory maintenance by his employer, claimant forced his discharge because he was dissatisfied with the assistants furnished him by the employer. At page 292, Judge DITHRICH stated: "There is a paucity of decision, not only in this Commonwealth but generally, as to what constitutes 'willful misconduct,' but the authorities seem to be in substantial agreement that *'The standard to be applied is that of the employment contract, express or implied,* which fixes the worker's duties in connection with his work. Since conduct can be wrong only when it violates a duty to act otherwise, benefit decisions have held that an essential element of misconduct connected with the work is a breach of duty to the employer.' 55 Yale L.J. 160, 163." (Italics supplied.)

In this case, the claimant's contract of employment made travel within the state of Florida a part of his duties. When asked to make a trip within that state claimant refused. He offered no reasonable excuse for his refusal. Under such circumstances, we have no hesitation in holding that the claimant was discharged for "willful misconduct connected with his work", and for that reason ineligible for compensation.

It seems to be the claimant's sole contention on this appeal that the case should be sent back "for the taking of proper depositions with right of cross-examination and not mere ex parte statements". We fail to

see how this action on our part would aid the claimant. The only damaging statement made by Rosenberg at the Georgia hearing was to the effect that the claimant was asked only to go to Jacksonville for 10 days. Though this statement was substantially corroborated by the claimant himself at the Florida hearing, the Board of Review chose to accept his later statement before it that he was to go on the road with Jacksonville as the first stop. Thus, without the necessity of cross-examination, the claimant was afforded the greatest advantage he could have obtained by it. His own testimony convicted him of willful misconduct and he has no reason to complain.

Decision affirmed.