Simonian Unemployment Compensation Case.

Argued April 14, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Rosebud Simonian*, appellant, in propria persona, with her *James G. Hanes*, for appellant.

*William L. Hammond*, Special Deputy Attorney General, with him *Robert E. Woodside*, Attorney General, for appellee.

OPINION BY GUNTHER, J., July 14, 1953:

The claimant in this case was a stenographer for the General Electric Company. Her claim was refused under §402(e) of the Unemployment Compensation Law, 43 P.S. §802, by all the unemployment authorities who based their action on the conclusion that she was discharged because of willful misconduct.

The willful misconduct arose out of a number of acts of insubordination. Several notices were given to her concerning this insubordination but these were ignored. She received her first warning notice four months before her discharge. The insubordination, as the record discloses, continued and consisted of, among other things of insolence to her superior, writing letters to her employer's customers without any authority to do so, and ignoring orders to do certain work. The record shows definite evidence that she conducted herself in a way that could be difficult for any employer to overlook. She opened a private communication, and when this was called to her attention, replied: "Nothing that goes out of this office is private— anything that goes out of this office is my business." On another occasion, when asked to get certain papers, she replied: "They're in that drawer, go over and get them."

Her insubordination and disregard of her employer's business interests are within the meaning of the term willful misconduct. Willful misconduct has been defined as an act of willful or wanton disregard of the employer's interests, a deliberate violation of employer's rules, a disregard of the standard of behavior the employer has a right to expect, or negligence indicating an intentional disregard of the employer's interest or the employe's duties. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886.

Claimant's argument is mostly based upon her availability for work under §401(d) of the Act. The Board made its decision solely on §402(e) and that is the question before us on this appeal.

Claimant's conduct could fall under any of the classes set out in the *Detterer Case,* supra. Her clear disregard of her employer's interest constitute will-

ful misconduct. The Board's findings of fact are supported by the evidence.

Decision affirmed.