Lux Unemployment Compensation Case.

Argued September 29, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUNTHER, J., absent).

*Sheldon Tabb*, with him *Edward Davis*, for appellant.

*Sydney Reuben*, Special Deputy Attorney General, with him *Herbert B. Cohen*, Attorney General, for appellee.

OPINION BY ROSS, J., November 16, 1955:

In this unemployment compensation case, the claimant, Peter P. Lux, has appealed from a decision of the Board of Review refusing benefits on the ground that he was guilty of willful misconduct resulting in his discharge and therefore barred from benefits under Section 402 (e) of the Act.

The claimant was employed by the Karl Seiler Meat packing concern in Philadelphia as a driver salesman. He operated his employer's truck and made sales therefrom to retail stores on his route. He was discharged on September 10, 1954 and thereafter obtained employ-

ment as a salesman for another firm for a short time when his employment was again terminated. Since his earnings at this latter position did not equal eight times his weekly benefit rate, the allegation of discharge for willful misconduct from the Seiler employment became the decisive issue in his claim for benefits. Section 401 (f) of the Act, 43 P.S. Sec. 801 (f).

The Board made inter alia, the following findings in this regard: "5. Claimant's tonnage (sales) fell approximately 20% during the last several months of his employment and he was 300 to 700 pounds below normal. On several occasions he was requested, but refused, to carry certain items. On his last day of work he was instructed to put smoked sausage on his truck and attempt to sell same but claimant refused to do so feeling he had no demand for this product but also admitted he had little experience in attempting to sell it. 6. Claimant was discharged for his failure to carry certain items as requested causing his sales to fall below normal."

In the record of the Board hearing there is this testimony by Mr. Taylor, claimant's superior at the Seiler Co.: "Q. Did you ever request Mr. Lux to take certain merchandise on the truck? A. Yes, on several occasions. Q. He refused? A. Yes." Taylor also testified that on the day Lux was fired and on at least four or five prior occasions within the last six months of his employment Lux had refused to carry certain merchandise. Claimant's own testimony admits his refusal to take out goods at Taylor's request. When asked: "Q. You heard Mr. Taylor testify. He says on four or five occasions you refused to take out certain items. Were there four or five occasions that you refused? A. I do not know the exact number, it could be." He then offered the explanation: "A. On my time on the route, eighteen months or so, you generally have

a good conception of what particular items will go and won't go. Lots of times I took items and tried to push them with no success. Therefore, I would not take them again. In these particular cases I felt it would not be advisable to take them because I did not think I could do anything with them." While he "felt" he could do nothing with these items, he admitted that he had never carried them before and had no experience with regard to his customers' acceptance of such items. He also testified that if such products had been taken out on the route and yet could not be sold, he could return them to his employer Seiler without suffering any detriment.

In *Detterer Unemployment Compensation Case*, 168 Pa. Superior Ct. 291, 292, 77 A. 2d 886, we said: "There is a paucity of decision, not only in this Commonwealth but generally, as to what constitutes 'willful misconduct', but the authorities seem to be in substantial agreement that 'The standard to be applied is that of the employment contract, express or implied, which fixes the worker's duties in connection with his work. Since conduct can be wrong only when it violates a duty to act otherwise, benefit decisions have held that an essential element of misconduct connected with the work is a breach of duty to the employer.' "

Needless to say, claimant's duties as a salesman included an obligation to use his best efforts to sell the products of his employer. If he made a bona fide attempt to sell these products but failed for lack of ability to sell or some other good reason, he could not be denied benefits for wilful misconduct.[1] Where, however, as here, his failure to sell the items is a result of his complete refusal to make any attempt to sell, with-

---

[1] *Taylor Unemployment Comp. Case*, 170 Pa. Superior Ct. 119, 84 A. 2d 521.

out good reason (and he offered no such good reason), then he has willfully breached his contract of employment and his duty to act for the best interests of his employer. This is not a case of incompetency or lack of ability but one in which the claimant unreasonably refused to obey orders of his employer. Such conduct indicates a deliberate disregard of the standards of behavior which an employer has a right to expect and constitutes willful misconduct within the meaning of Section 402(e).

Decision affirmed.