McBRIDE, Judge.
This is an appeal taken by The American Sugar Refining Company pursuant to LSA-R.S. 23:1634 of the Louisiana Employment Security Law to review a judgment of the Civil District Court for the Parish of Orleans, which ordered the Administrator, Division of Employment Security, to pay Wilbert J. Taylor, a former employee of appellant, unemployment compensation benefits as provided for by said law (LSA-R.S. 23:1471 et seq.).
The facts are not disputed. Taylor was discharged from his employment by The American Sugar Refining Company for having permitted three garnishments to be issued by his creditors against his wages in violation of a rule posted by The American Sugar Refining Company on April 1, 1954. Taylor made application for unemployment compensation benefits to which a protest was lodged by The American Sugar Refining Company, which alleged that his violation of the rule against garnishments constituted misconduct connected with his employment within the meaning of the provisions of LSA-R.S. 23:1601, as amended, which in part reads as follows:
“An individual shall be disqualified for benefits:
*****
(2) If the administrator finds that he has been discharged for misconduct connected with his employment.
* # * »
The appellant’s interest to oppose its employee’s claim arises from the fact that its contributions to the unemployment compensation fund would be increased in the event *899 benefits under the act are paid, as the amount of the benefits paid are charged against the employer’s experience rating record.
The American Sugar Refining Company’s rule against excessive garnishments and the alleged violations thereof by Taylor are accurately set forth in the findings of the Appeal Referee for the Division of Employment Security as follows:
“ * * * The Employer has a strict rule regarding garnishments. When an employee is garnisheed, the individual is called in and cautioned about the matter and is asked to take action to have the garnishment dropped. When a second garnishment is received, the individual is given five days in which to have the garnishment dropped and is also given a five-day suspension. If a third garnishment is received, the individual is given* five days in which to satisfy the garnishment. If the garnishment is not satisfied within the designated time, separation occurs. When an individual satisfies a garnishment or has a garnishment dropped the garnishment is not then held against the individual and does not count if other garnishments are levied. The claimant was garnisheed during 19S6, and was cautioned about the matter. The garnishment was not dropped. A second garnishment was received in 1956, and the claimant was given a five-day suspension. During February, 1957, another garnishment was received by the company. However, on this occasion, the claimant took action to have the garnishment dropped. The garnishment was satisfied until July, 1958, when it was again made effective. The claimant was then called in and was given one month in which to have the garnishment dropped. The amount involved in the garnishment was $81.82. When the claimant failed to have the garnishment satisfied, the company terminated the claimant. * * * ”
Taylor’s application was first passed upon by the Division of Employment Security which determined that he had been discharged for misconduct connected with the employment and was thus disqualified from receiving benefits. However, the Division subsequently issued a redetermination ruling to the effect that the claimant was eligible for benefits as of August 19, 1958, which ruling was in turn affirmed by the Appeal Tribunal for the Division of Employment Security and then by the Board of Review. The American Sugar Refining Company having exhausted all administrative remedies, feeling aggrieved, then took the present proceeding for a judicial review of the decision of.the Board of Review impleading Taylor and the Administrator, Division Employment Security, as defendants. After a hearing of the matter on the findings of fact made by the Board of Review, which are deemed conclusive, the trial judge dismissed the suit holding:
“* * * The Board of Review ruled correctly in holding that the violation of the Employer’s rule with reference to garnishments did not constitute ‘misconduct’ within the meaning of LSA 23:1601.”
The American Sugar Refining Company contends before us that the Board of Review and his honor below erred in awarding compensation benefits to Taylor for the reason that, because guilty of a breach of the rule against garnishments, his actions constituted misconduct connected with his employment within the contemplation of the statute and gave rise to his discharge.
From other evidence appearing from the record, it appears that Taylor well knew of the employer’s rule and that The American Sugar Refining Company made an advance on wages earned endeavoring to assist him in clearing up the last garnishment. It is also shown that The American Sugar Refining Company has more than 1,000 employees, and that by estimation a single garnishment against an employee would cost *900 on an annual basis approximately $35 in expenses, to say nothing of attendant vexations and inconvenience.
The question is: Do the facts establish misconduct on the part of the employee within the intendment of the statute ?
We agree with what our brothers of the Second Circuit said in the case of Sewell v. Sharp, La.App., 102 So.2d 259, 261:
“ * * * ‘Misconduct’ is a word of general usage and is not defined in the statute itself. Resort, must, therefore, be made to the generally accepted definitions, such as wrongful, improper or unlawful conduct, motivated by premeditated, obstinate, or intentional purpose. Misconduct, within the meaning of the Unemployment Compensation Act, excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer’s interests, a deliberate violation of the employer’s rules, and a disregard of standards of behavior which the employer has a right to expect of his employees. 48 Am.Jur., p. 541, ‘Social Security, Unemployment Insurance and Retirement Funds’, § 38; 81 C.J.S. Social Security and Public Welfare § 162, pp. 245-247. * * *»
It is a well-known fact that in this present era the incurrence of debt through installment buying has become accepted as routine by most wage earners, and so long as the debtor pays his bills, the employer would have no interest in the employee’s affairs. But when the workman permits his creditors to levy against his salary by garnishment, this may place an intolerable burden on the employer, especially in view of the fact that garnishments cause expense to the employer for which there is no compensating return, and then it is the employer becomes involved in the employee’s affairs. We are of the opinion that when Taylor permitted excessive and multiple garnishments to be issued against his wages in violation of the company rule, such constituted a disregard of his employer’s interest and is misconduct in the employment within the contemplation of the statute, and we think that when the employer discharged such a recalcitrant employee, it should be able to successfully urge a protest to the allowance of unemployment compensation benefits to him. Our thought is that an employee who habitually allows garnishments to be issued in violation of the employer’s rule is as much guilty of misconduct in the employment as would be an employee who deliberately and unau-thorizedly sold his employer’s merchandise at a loss.
The precise question coming before us seems to be res novo not only in Louisiana but in the other states. However, other jurisdictions having statutes similar to that involved in the instant case have in numerous instances upheld disqualifications based on discharges for breach of an employer’s rule or order, the employment contract, expressed or implied, being the standard applied in these cases. Detterer v. Unemployment Compensation Board of Review, 168 Pa.Super. 291, 77 A.2d 886; Levine v. Unemployment Compensation Board of Review, 170 Pa.Super. 401, 85 A.2d 634. See, also, Smolensky v. Unemployment Compensation Board of Review, 183 Pa.Super. 344, 132 A.2d 698 (insubordination in refusing to ship goods consigned to a department store under strike); Armstrong v. Unemployment Compensation Board of Review, 179 Pa.Super. 488, 118 A.2d 217 (refusal to do small amount of work at close of day held arbitrary and inimical to employer’s interest); Lux v. Unemployment Compensation Board of Review, 180 Pa.Super. 90, 118 A.2d 231 (refusal to sell certain types of merchandise); Simonian v. Unemployment Compensation Board of Review, 174 Pa.Super. 81, 98 A.2d 428 (numerous acts of insubordination by stenographer) ; H. J. Heinz Co. v. Unemploy *901 ment Compensation Board of Review, 172 Pa.Super. 324, 94 A.2d 82 (violation of provision in union contract); Bigelow Co. v. Waselik, 133 Conn. 304, 50 A.2d 769 (violation of rule against solicitation).
The Connecticut statute, like that of Pennsylvania, uses the term “willful misconduct.” Gen.St.Supp.Conn.1943, § 710g(2) (B); 43 P.S.Pa. § 802. The Louisiana statute upholds the disqualification for discharge based simply on “misconduct.” LSA-R.S. 23:1601(2). Accordingly, the standard to be applied in other jurisdictions would seem to be more rigid than in Louisiana.
Under the act now prevailing in this state the misconduct to disqualify an individual for benefits need not be connected with the work done by him, it being sufficient that the misconduct be connected with the employment. The original act (No. 498 of 1950, § 9) contained a provision that the misconduct must be connected with the work, but under LSA-R.S. 23:1601, as amended by Act No. 704 of 1954, § 1, an individual shall be disqualified if the Administrator finds that he has been discharged for misconduct connected with his employment. The phrase “misconduct connected with his employment” has breadth enough to cover the violation of the company rule in the instant case.
Accordingly, the judgment of the district court appealed from is reversed and avoided, and it is now ordered, adjudged and decreed that there be judgment herein in favor of The American Sugar Refining Company and against Wilbert J. Taylor and Richard E. Brown, Jr., Administrator, Division of Employment Security, State of Louisiana, reversing the redetermination ruling of the Division of Employment Security and the affirmance thereof by the Appeal Tribunal and the Board of Review; it is further ordered that the protest or opposition filed by The American Sugar Refining Company to the application of Wilbert J. Taylor for unemployment compensation benefits be sustained, and that said Wilbert J. Taylor be disqualified for such benefits and that his application therefor be dismissed.
Costs of both courts are to be paid by appellant.
Reversed.
REGAN, J., absent.