Jean E. Smith *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Jean E. Smith, Appellant.

Argued October 25, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Jeannie A. Barrett,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, January 6, 1977:

This is an appeal by Jean E. Smith (appellant) from an Order of the Unemployment Compensation Board of Review (Board), dated January 2, 1976, which affirmed a referee's determination that appellant had been discharged for wilful misconduct and

was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Prior to her discharge on August 26, 1975, the appellant was employed by Universal Builders as a telephone solicitor for approximately two years. She received a wage of $2.25 per hour plus a commission for each sale that resulted from any "leads" or contacts established through her work in the company's "phone room." Universal Builders also employed door-to-door canvassers, who received a higher commission than telephone solicitors but received no hourly wage.

In August of 1975, while off duty and at home one evening, the appellant was referred to a potential customer by her parents and she personally visited the prospect to verify her desire for an estimate from Universal Builders. On August the 25th, she informed her supervisor that she had a potential customer and that she would identify the prospect if she was paid a commission equal to that paid to the canvassers. After discussing the matter with her superiors, the supervisor asked appellant to identify the prospect but told her that only the normal commission for telephone solicitors would be paid. The appellant replied, "Forget it." Upon reporting for work on the following morning, the appellant was discharged.

The referee concluded that appellant's conduct was a violation of those standards of behavior that her employer could rightfully expect of her and was a breach of duty so inimical to her employer's best interests that discharge was a natural result. Conduct which evidences the disregard of standards of behavior which an employer can rightfully expect from his employes is included within the definition of wil-

ful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Such conduct need not evidence an intent to wrong the employer, and a conclusion of "wilful misconduct" may be based on a finding of a conscious indifference to the duty owed the employer. *Homony v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 142, 312 A.2d 77 (1973).

The appellant's primary contention is that the referee's conclusion is in error because appellant was under no duty to reveal to her employer the name of a prospect acquired by her on her own time for the same remuneration as would be applicable had the contact been made during working hours. We cannot agree.

Granted, it is true, as appellant has argued, that the employment contract fixes the employe's duties and is the standard to be applied in determining what constitutes wilful misconduct. *Lux v. Unemployment Compensation Board of Review,* 180 Pa. Superior Ct. 90, 118 A.2d 231 (1956). However, the terms of the employment contract may be express or implied. *Lux, supra.* They may be implied in the sense that the law imposes certain obligations on all transactions of a specified type. Certain duties are imposed by the law of agency upon the employer-employe, or "master-servant," relationship. Our Supreme Court, in *Sylvester v. Beck,* 406 Pa. 607, 610, 178 A.2d 755, 757 (1962), described one such duty thusly:

> There can be no doubt that an agent owes a duty of loyalty to his principal and in all matters, affecting the subject of his agency, he must act with the utmost good faith in the furtherance and advancement of the interests of his principal.

This general duty of good faith has been particularized to the type of factual situation involved here by the Restatement (Second) of Agency §393 and the accompanying comment c., which state in pertinent part:

§393. Competition as to Subject Matter of Agency

Unless otherwise agreed, an agent is subject to a duty not to compete with the principal concerning the subject matter of the agency.

Comment:

. . . .

c. *Where no use of principal's facilities. The rule stated in this section applies although the agent does not use his employer's facilities or time.* Unless otherwise understood, *an agent employed to acquire information for the use of the principal is under a duty to report to the principal or to use for his benefit any information relevant to the subject matter of the agency which he acquires. . . .* Thus, an agent, employed to act exclusively for the benefit of the principal in looking for paying mines or oil wells, who independently and out of business hours discovers one which he purchases for his own account, holds it as constructive trustee for the principal. . . . (Emphasis added.)

*See Shannon v. Baltz,* 398 Pa. 431, 158 A.2d 558 (1960). It was only due to appellant's employment relationship with Universal Builders that the prospective customer was brought to her attention and that such information had any value to her. Clearly she realized that this information was an object of critical interest to her employer. While the appellant was not, in a technical sense, "competing" with her employer, the reasoning behind §393 of the Restatement is equally applicable to an attempt to use information relevant

to the subject matter of the agency as the quid pro quo for remuneration in excess of that agreed upon in the contract of employment. The Restatement's position is sound and has been adopted in Pennsylvania. *See Shannon v. Baltz, supra.* The appellant was under a duty to disclose to her employer the prospective customer's identity and her refusal to do so on request was a clear breach of that duty.

We are cognizant of the appellant's fine performance record during her period of employment with Universal Builders. However, a single act of misconduct, if sufficiently serious, will justify a denial of benefits. *Beville v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 371, 373, 327 A.2d 197, 198 (1974). The withholding by an employe of that which is rightfully owed to the employer in a bad faith attempt to extract from the employer additional remuneration is, in our view, an instance of wilful misconduct of the nature envisioned in *Beville, supra.*

Accordingly, we enter the following

ORDER

AND Now, this 6th day of January, 1977, the Order of the Unemployment Compensation Board of Review is affirmed.

Judge MENCER dissents.