Horace Howard, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 3, 1977, before Judges WILKINSON, JR. and ROGERS, sitting as a panel of two.

*John Kent Lewis,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., November 28, 1977:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming a decision of a referee denying petitioner (claimant) compensation benefits. The Board found claimant was ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(e) finding his discharge resulted from willful misconduct. We affirm.

The facts of this case are not in dispute. Claimant had worked as a maintenance man in the Holiday Inn, Sewickley for 15 years before the incident which occasioned his dismissal. Although his work would generally consist of routine maintenance, claimant also would occasionally repair electrical motors in various equipment throughout the motel. On one occasion claimant rewired a room in the motel for which he was paid at a rate of $3.00 per hour, compared to his normal hourly rate of $2.20. He testified that he had done electrical work in the Navy. On February 10, 1976, carpenters working on a new section of the motel

threatened to walk off the job unless "hot" wires dangling from the ceiling of a room were removed. The manager of the Holiday Inn then called claimant to complete the wiring job according to contractor's plans with which he supplied claimant. For this work, the manager offered to pay claimant $3.00 an hour, the same rate as was agreed to in the earlier rewiring job. Claimant expressed dissatisfaction with this rate of pay and refused to do the work at that rate. He was then fired. The sole question presented in this appeal is whether the claimant's refusal to perform the wiring task constituted willful misconduct under the circumstances.

This Court has recognized that the failure or refusal to do assigned work may constitute willful misconduct within the meaning of Section 402(e) of the Law and thus result in a denial of unemployment compensation if it is conduct evidencing a disregard of the standards of behavior an employer can rightfully expect from his employee. *Brennan v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 569, 333 A.2d 794 (1975). In evaluating the employee's conduct under this general rule the test is one of reasonableness which we must determine by examining both the employee's reason for non-compliance as well as the employer's reason for the request in light of all the circumstances. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

From the employee's point of view, as we have made clear, it is not willful misconduct if the employee makes a good faith albeit fruitless attempt to perform the task the employer asks. *Millersville State College v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 238, 335 A.2d 857 (1975). From the employer's view, he may expect the employee to perform duties which are part of the employment con-

tract, either express or implied. *Lux Unemployment Compensation Case,* 180 Pa. Superior Ct. 90, 118 A.2d 231 (1955). Moreover, an employee must abide by any reasonable changes made in the employee's duties including additional work. *Unemployment Compensation Board of Review v. Homsher,* 21 Pa. Commonwealth Ct. 576, 347 A.2d 340 (1975); *Brennan, supra.*

From the findings, amply supported by the evidence, the Board had adequate grounds to conclude the claimant's conduct falls within the general category of unreasonably refusing to perform a reasonable request by the employer. The mere desire for more compensation, however justifiable it may appear to the employee, does not justify the refusal to do an assigned task, *Smith v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 98, 367 A.2d 811 (1977), particularly where, as here, there was a duty owed to the employer arising from a prior course of conduct. While we agree with appellant that the task in question was abnormally hazardous, there is nothing in the record to indicate that claimant viewed the new wiring job as more hazardous than the rewiring job he had already performed. Rather, the record clearly supports the finding of the Board that claimant was willing, and viewed himself able, but refused to do the wiring in an attempt to bargain with his employer for more compensation. There is also evidence showing the employer did not act unreasonably in making the request. A work stoppage by carpenters was threatened unless the work was completed. In addition, the employer supplied claimant with contractor's blueprints indicating the proper method to complete the wiring. Had the record indicated that claimant examined these blueprints and/or the physical layout of the job to be performed and at that point then indicated the job to be more difficult

and dangerous than he was qualified to perform, we would have had a different case. Here, however, the record indicates claimant simply refused to do the work unless he was paid more money. As we held in *Smith, supra,* an employee already under a duty to act in behalf of his employer, may not use this type of coercion within the employment setting without being subject to a denial of unemployment compensation for willful misconduct.

In considering this case we have throughout been mindful of the employee's years of service and the fact that the very circumstance that precipitated the claimant's discharge was that he volunteered to do work that might not necessarily be required of a maintenance man. But we are constrained by the rule that even given a long history of loyal service, a single act, if sufficiently serious, may constitute willful misconduct. *Warminster Fiberglass Co. v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 385, 327 A.2d 219 (1974).

Accordingly, we will enter the following

ORDER

AND Now, November 28, 1977, the order of the Unemployment Compensation Board of Review, Decision No. B-137126, dated November 22, 1976, is hereby affirmed.