James J. Ferris, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 10, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Thomas G. Wagner,* for petitioner.

*GuruJodha Singh Khalsa,* Assistant Attorney General, with him *Reese F. Couch,* Assistant Attorney General, and *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., September 11, 1979:

James J. Ferris's denial of unemployment compensation benefits by a referee and the Unemployment Compensation Board of Review (Board) is the basis of this appeal. We affirm.

We hold that the Board did not err in determining that Ferris's conduct constituted willful misconduct. Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Ferris, a truck driver, was discharged from work for failure to perform assigned mechanical work on his vehicle. At the referee's hearing, his employer offered evidence of additional grounds for discharge, particularly, Ferris's willful violation of ICC[1] regulations.

The referee and the Board denied Ferris benefits, finding willful misconduct in that, in addition to his failure to perform a required work duty, he intentionally violated ICC rules and regulations.

Ferris argues that the referee and Board should not have considered the ICC violation in denying him benefits. We agree with this contention. If the Bureau of Employment Security describes the offending misconduct when advising a claimant of his ineligibility for benefits, the evidence adduced at the referee's hearing must be limited to the conduct described in the notice. *Bilsing v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 199, 382 A.2d 1279 (1978); 34 Pa. Code §101.87.

Next, Ferris argues that because the Board erroneously considered the evidence of the ICC violation the denial of benefits must be reversed. This is without merit. The referee and the Board found in addition to the ICC violation that Ferris failed to perform a required work duty which he was physically capable of performing at the time of the request.[2] This finding, being supported by substantial evidence, in itself is enough to deny compensation. *Howard v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 512, 379 A.2d 1085 (1977).

---

[1] Interstate Commerce Commission.

[2] At the referee's hearing, Ferris contended that he was unable to do the required mechanical work for health reasons. He did not, however, offer any medical evidence to substantiate his claim.

Finally, Ferris argues that the Board erred in refusing to hear medical evidence purporting to show his alleged physical disability at the time of the work assignment. Section 504 of the Unemployment Compensation Act, 43 P.S. §824, gives the Board the *discretion* to accept additional evidence or make a finding based on the record before it. See also 34 Pa. Code §101.104. The Board chose to make its findings and conclusions on the referee's record. This argument is likewise fallacious.

Accordingly, we

ORDER

AND Now, this 11th day of September, 1979, the order of the Unemployment Compensation Board of Review denying James J. Ferris benefits is affirmed.