Catherine Bolden, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Andrew F. Erba,* for petitioner. -

*Charles G. Hasson,* Assistant Attorney General, with him *Elsa D. Newman-Silverstein,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, June 4, 1981:

The Unemployment Compensation Board of Review denied benefits to claimant.[1] She appeals. We affirm.

Catherine Bolden was discharged November 19, 1979, after a verbal confrontation with her employer's personnel director, a supervisor and an immediate superior. This followed a series of recorded incidents of abusive language and long history of tardiness, absenteeism and suspensions. On November 13, 1976, the personnel director had issued an incident report summarizing a long list of abuses, making it the last warning.

Again late for work on the morning of her last day of work, Bolden, among other things, gave her superiors an ultimatum. They obliged and she was then discharged.

Bolden seeks to excuse this willful misconduct on her emotional state and severe pressure stemming

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

from a dispute with her separated spouse. We disagree. The law is clear. While the burden of proving willful misconduct rests squarely on the employer's shoulders, *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977), the burden of showing that reasonable and justifiable circumstances exist to override a finding of willful misconduct lies with the claimant. *Boyer v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 191, 415 A.2d 425 (1980). Instances of loud and abusive language directed at superiors, *Nesmith v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 579, 402 A.2d 1132 (1979), histories of lateness and absenteeism, *American Process Lettering, Inc. v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 272, 412 A.2d 1123 (1980), when supported by the record cannot be accepted as behavior which an employer can reasonably expect from an employee.

As to her allegation of emotional stress, we have in the record but a handwritten note dated November 28, 1979, from the Coping Clinic, a community mental health clinic, addressed to "To Whom it May Concern" stating Bolden was seen at the clinic on November 20, 1979, for acute mental distress, was treated at that time and presently functioning in a "normal fashion." At the conclusion of the hearing and review, the referee and the Board found no medical evidence of any emotional disorder at the time of the incident. A review of the record and considering our scope of review, we conclude that there has been no capricious disregard of competent evidence. Bolden's actions were not only deliberate and abusive, but she made no attempt to discuss her problems with her employer, nor did she request work compatible with her alleged condition. *See Nedd v. Unemployment*

*Compensation Board of Review,* 24 Pa. Commonwealth Ct. 514, 357 A.2d 268 (1976). Consequently, benefits were properly denied.

Affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review at B-79-1-M-980, dated April 17, 1980, is affirmed.

Judge WILKINSON, JR., did not participate in the decision in this case.