John H. Grigsby, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Geoffrey M. Biringer,* with him *Marian E. Frankston,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him *James K. Bradley,* Associate Counsel, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., July 16, 1982:

Before this Court is an appeal by claimant, John H. Grigsby, Jr., from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying claimant unemployment compensation benefits pursuant to Section 402(e)[1] of the Unemployment Compensation Law (Law).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §802(e).

Claimant was last employed by the Harrisburg News Company as a line supervisor. He was discharged from his employment in May, 1979, for allegedly creating disturbances while engaging in the performance of his job duties, thereby causing labor stoppages amongst his fellow employees during working hours.

Subsequent to the termination of his employment, claimant filed an application with the Office of Employment Security (Office), seeking to collect unemployment compensation benefits. The Office denied claimant's application, determining that claimant's behavior while in the employ of the Harrisburg News Company constituted willful misconduct. Claimant appealed from the Office's determination, and a referee's hearing was scheduled to resolve the matter. Following the hearing, the referee issued a decision affirming that of the Office. The referee found:

> [T]he claimant was involuntarily terminated for creating certain disturbances which caused work stoppages and dissatisfaction among his fellow employees.
>
> Although the claimant believed his reasons for causing the distrubances to be just, the claimant had not taken the proper steps to voice his dissatisfactions through the chain of command, and had received several verbal warnings about same.
>
> When the claimant continued to pursue the same course of conduct and caused a work stoppage on the tie line during the week of May 6 to May 12, 1979, he was discharged.

Thus, the referee concluded, claimant's actions rose to the level of willful misconduct, thereby disqualifying him from receiving benefits. Claimant filed a further appeal to the Board, which upheld the ref-

eree's decision denying benefits. The instant appeal followed.

The instant claimant raises two arguments for this Court's consideration and resolution.

At the outset, claimant asserts that his behavior did not rise to the level of willful misconduct. We disagree.

Whether behavior for which an employee was discharged constitutes willful misconduct is a question of law and subject to review by Commonwealth Court. *Mancini v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 266, 412 A.2d 702 (1980). "Willful misconduct" is established where an employee's behavior constitutes a wanton and willful disregard of his employer's interests, a deliberate violation of an employer's rules, a disregard of the standard of behavior an employer can rightfully expect of an employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for an employer's interest or an employee's duties and obligations. *Semon v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 501, 417 A.2d 1343 (1980). A finding of willful misconduct does not hinge on an employee's intent to wrong his employer; such a finding may be based on an employee's conscious indifference to the duty owed his employer. *Smith v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 98, 367 A.2d 811 (1977).

Claimant's employer presented testimony at the referee's hearing which indicated that claimant was responsible for causing interruptions, disruptions, and work stoppages at his place of employment during working hours. The employer personally observed claimant present in areas of the company plant apart from those at which claimant was assigned to carry out the performance of his job duties. Claimant's non-

presence at his work station directly resulted in a production shutdown; for the other personnel in claimant's department could neither fulfill claimant's obligations nor discharge their own duties during claimant's absence. The employer stated that these labor cessations occurred on weekly basis.

The testimony elicited at the referee's hearing clearly demonstrates that the claimant's actions were in disregard of both his employer's interests and the standard of behavior the employer could rightfully expect of him. Additionally, he displayed a conscious indifference to the duties he owed his employer. Thus, we must reject claimant's first contention and conclude that he was guilty of willful misconduct.

Claimant argues alternatively that, should this Court find that his actions amounted to "willful misconduct", it should also find that he had "good cause" for such behavior. It appears from the record that claimant's offered excuse for his actions was his dissatisfaction with his wages and working conditions.

The law is clear that the burden of establishing the existence of reasonable and justifiable circumstances necessary to override a finding of willful misconduct lies with the claimant. *Bolden v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 490, 430 A.2d 359 (1981). In the instant case, the claimant has not sustained his burden.

If claimant was displeased with his salary or conditions of employment, he should have filed a grievance with his employer or sought other employment. Acting in a manner which is detrimental to one's employer cannot be deemed a reasonable or justifiable method to voice one's dissatisfaction with his present work situation. Thus, we cannot find that claimant's behavior was justifiable under the circumstances.

Finally, claimant argues that the referee's findings are not supported by substantial evidence. Our

review of the record reveals that competent and substantial evidence exists to sustain the referee's findings. Accordingly, we are compelled to dismiss claimant's final contention as meritless.

For the above stated reasons, this Court must affirm the Board's decision.

### ORDER

AND Now, the 16th day of July, 1982, the order of the Unemployment Compensation Board of Review at Decision No. B-175188 is affirmed.

Judge MENCER did not participate in the decision in this case.