601 A.2d 480

**AMERICAN RACING EQUIPMENT, INC., Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 20, 1991.

Decided Dec. 31, 1991.

Ronald W. Chadwell, for petitioner.

James K. Bradley, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PALLADINO and BYER, JJ., and SILVESTRI, Senior Judge.

BYER, Judge.

American Racing Equipment, Inc., appeals from an order of the Unemployment Compensation Board of Review (UCBR) reversing the referee and granting benefits to Gregory S. Dick. We reverse.

Dick managed American Racing's warehouse in Pittsburgh. Two other employees worked under Dick at the warehouse. In December, 1990, American Racing advised Dick that someone from the Pittsburgh warehouse would be required to go to Capitol Heights, Maryland, for a five-day "sales blitz" in January. The Cleveland warehouse would send one of its employees as well. Because neither employee from the Pittsburgh warehouse volunteered to attend the "sales blitz," American Racing asked Dick to go. Dick refused and American Racing dismissed him for insubordination.[1]

---

1. American Racing has a policy that provides for dismissal from employment for insubordination, which includes a refusal to perform a work assignment. The UCBR found that Dick was aware of American Racing's policy (UCBR finding, 4).

Dick applied for unemployment benefits, but the Office of Employment Security denied Dick's request. Dick appealed, but the referee also denied benefits on the basis of willful misconduct.

Dick appealed to the UCBR, which reversed finding Dick: (1) had good cause to refuse attending the "sales blitz" because he would lose commission; and (2) was the subject of disparate treatment because he was discharged when the other two Pittsburgh warehouse employees were not discharged for the same conduct.

On appeal,[2] American Racing asserts that: (1) the UCBR's finding of good cause is not supported by substantial evidence; and (2) the UCBR erred as a matter of law in finding that American Racing subjected Dick to disparate treatment.

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e), provides: "An employee shall be ineligible for compensation for any week—... (e) in which unemployment is due to his discharge ... from work for willful misconduct connected with his work...." Willful misconduct includes deliberate violation of an employer's rules and substantial disregard for an employer's interests. *Brady v. Unemployment Compensation Board of Review,* 118 Pa.Commonwealth Ct. 68, 544 A.2d 1085 (1988). A single act, such as the refusal to perform a work assignment, may be tantamount to willful misconduct if it is in open disregard of the employer's reasonable expectations, unless the employee shows good cause for his refusal. *Kretsch v. Unemployment Compensation Board of Review,* 83 Pa.Commonwealth Ct. 169, 476 A.2d 1004 (1984); *Roberts v. Unemployment Compensation Board of Review,* 62 Pa.Commonwealth Ct. 340, 436 A.2d 1052 (1981). Once the employer shows the existence of the work rule and

**2.** Our scope of review is limited to determining violations of constitutional rights, errors of law, violations of agency practice and procedure and whether findings of fact are unsupported by substantial evidence. 2 Pa.C.S. § 704.

the employee's violation of the rule, the burden shifts to the employee to show good cause for the violation. *Hager v. Unemployment Compensation Board of Review,* 86 Pa.Commonwealth Ct. 7, 482 A.2d 1368 (1984); *Lowry v. Unemployment Compensation Board of Review,* 74 Pa.Commonwealth Ct. 144, 459 A.2d 78 (1983).

The UCBR found that Dick knew of both American Racing's policy and that someone from the Pittsburgh office would be required to participate in the Capitol Heights "sales blitz." American Racing sustained its initial burden.

■ Therefore, our review focuses on whether Dick sustained his burden to show there was good cause for his refusal to attend the "sales blitz." The UCBR found that Dick would lose commissions by going to the "sales blitz." American Racing contends the record fails to support this finding. We agree.

The record demonstrates that Dick received a salary plus commission. However, there is no evidence that Dick's commission was based on personal sales. Rather, the evidence shows that Dick's commission was based on the overall performance of the Pittsburgh warehouse, i.e., "I get paid for what happens in Pittsburgh." (11a).[3]

■ Even if Dick would have earned less commission by attending the "sales blitz," this would be insufficient to support a finding of good cause as a matter of law. *Howard v. Unemployment Compensation Board of Review,* 32 Pa.Commonwealth Ct. 512, 379 A.2d 1085 (1977). In *Howard,* we held that the mere desire to attain more compensation, no matter how justifiable it may seem to the employee, does not condone refusal to do an assigned task. Therefore, we hold that the UCBR's finding of good cause is not supported by substantial evidence.

**3.** Not only is there is no evidence to support the finding that Dick would lose commission, Bob Fletcher, American Racing's regional manager, testified that Dick's expenses, including meals and lodging, would be paid for by American Racing. Dick would also receive his regular salary.

■ The UCBR also found that Dick was subject of disparate treatment, based upon the fact that American Racing did not terminate the other employees for the same misconduct. American Racing does not challenge the UCBR's finding but asserts that it has misapplied the law. We again agree.

The essence of disparate treatment is that similarly situated people are treated differently, based upon an improper criterion. First, Dick, as *manager* of the Pittsburgh warehouse, cannot be considered similarly situated to the other two non-managerial employees whom American Racing did not terminate. Moreover, American Racing did not treat Dick differently based on any improper criterion but based on his level of responsibility as manager and because of business necessity, both of which are proper criteria.

We have held that the mere fact that one employee is discharged for willful misconduct and others are not discharged for the same conduct does not establish disparate treatment. *Bays v. Unemployment Compensation Board of Review*, 62 Pa.Commonwealth Ct. 421, 437 A.2d 72 (1981). Dick knew of American Racing's reasonable work rule and violated it. He was discharged for legitimate business reasons without disparate treatment.[4]

We reverse.

## ORDER

We reverse the order of the Unemployment Compensation Board of Review.

[4] There is no allegation that Dick was a member of a protected class.