**George S. WORKINGER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 1995.
Decided Nov. 2, 1995.
Reargument Denied Dec. 21, 1995.

George S. Workinger, petitioner, for himself.

James K. Bradley, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Jules S. Henshell, for intervenor, Dodson Insurance Group.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

George S. Workinger appeals from the order of the Unemployment Compensation Board of Review that affirmed the referee's denial of benefits to Workinger. We affirm.

Dodson Insurance Group (Dodson Insurance) employed Workinger as a full-time marketing representative. Workinger signed an employment contract with Dodson Insurance stipulating that he would not act as licensed agent for any insurance company except Dodson Insurance and that he would not place or aid in placing business with any other insurance company except for his own personal insurance. (UCBR Finding of Fact 3.)

On August 1, 1994, American Hardware Mutual Insurance (American Hardware) hired Claimant as a full-time sales agent. He began this full-time employment for American Hardware, while continuing to work for Dodson Insurance. Workinger did not advise American Hardware of his concurrent employment with Dodson Insurance. Shortly after Workinger began with American Hardware, he signed a contract stating that he would not conduct activity for any other insurance company. (UCBR Finding of Fact 7.)

From August 1, 1994 until December 19, 1994, Workinger worked full-time for both insurance companies without either employer having knowledge of the other. (UCBR Finding of Fact 8.) On December 19, 1994, Dodson Insurance discharged Workinger when it discovered that Workinger violated his employment contract by also working for American Hardware. On December 20, 1994, American Hardware discharged Claimant for omitting on his employment application that he also worked for Dodson Insurance, as well as for violating his contract with American Hardware. (UCBR Finding of Fact 14.)

Workinger filed for unemployment compensation benefits which the Job Center denied and the referee affirmed. On appeal, the UCBR held that Workinger was ineligible for compensation pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), because his discharge from both employers was for willful misconduct connected with his work.

On appeal to this Court,[1] Workinger argues that the UCBR erred in finding that an enforceable employment contract existed. Workinger also argues that the UCBR erred in failing to find that Dodson Insurance did not treat him in a disparate fashion.

Although not defined in the Law, this court has defined willful misconduct[2] as conduct that represents a wanton and willful disregard of an employer's interest, a deliberate violation of rules, a disregard of standards of behavior that the employer can rightfully expect from its employees, or neg-

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

2. Whether a claimant's actions rise to the level of willful misconduct is a question of law subject to this Court's review. *Williams v. Unemployment Compensation Board of Review*, 651 A.2d 708 (Pa.Cmwlth.1994).

ligence that manifests culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Metropolitan Edison Co. v. Unemployment Compensation Board of Review,* 146 Pa. Cmwlth. 648, 606 A.2d 955 (1992). An employment contract fixes an employee's duties and is the standard to be applied in determining what constitutes willful misconduct which would render an employee ineligible for unemployment benefits upon termination. *Smith v. Unemployment Compensation Board of Review,* 28 Pa.Cmwlth. 98, 367 A.2d 811 (1977). The UCBR found that Workinger was concurrently employed by both insurance companies beginning August 1, 1994, and that neither employer had knowledge of the other. The contracts, which Workinger signed with both employers, precluded Workinger from holding concurrent employment with competitors as were Dodson Insurance and American Hardware.[3] Workinger does not challenge the UCBR's finding that he worked for both employers, but instead challenges that enforceable contracts of employment existed. The employers presented testimony and evidence of the employment contracts signed by Workinger. Workinger had the opportunity to controvert the testimony and evidence but presented no such conflicting evidence. Because the UCBR's findings are conclusive for purposes of review if they are supported by substantial, competent and credible evidence, *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977), and because evidence exists that both insurance companies had employment contracts with Workinger proscribing competing employment, we hold that the UCBR did not err in holding these employment contracts enforceable.

■ Workinger attempts to rebut the insurance companies' *prima facie* cases by asserting that he was a victim of disparate treatment by Dodson Insurance and that the UCBR erred in failing to make such a finding.

The essence of a claim for disparate treatment is not only whether unlawful discrimination has occurred, but also whether similarly situated people are treated differently, based on improper criteria. *American Racing Equipment, Inc. v. Unemployment Compensation Board of Review,* 144 Pa.Cmwlth. 310, 601 A.2d 480 (1991). Workinger claims Dodson Insurance discriminated against him because it allowed other employees to work for other insurance companies and did not terminate them. The UCBR did not find this allegation was supported by substantial evidence and in fact, made a finding that while some Dodson Insurance employees worked in conjunction with other companies to service mutual clients they always placed the insurance contracts through Dodson Insurance. (UCBR Finding of Fact 11.) We have carefully reviewed the record and hold that the UCBR correctly held that no disparate treatment of Workinger existed. Because the insurance companies met their burden of proving that Workinger's actions constituted willful misconduct and Workinger did not rebut the evidence presented, we hold that the UCBR correctly determined that Workinger is not entitled to benefits under Section 402(e) of the Law.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 2nd day of November, 1995, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

**3.** Both Dodson Insurance and American Hardware handle workers' compensation insurance in Pennsylvania. (UCBR Finding of Fact 4 and 5.)