American Process Lettering, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Richard P. Mahoney, Respondents.

Argued February 7, 1980, before Judges BLATT, MacPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Edward Rocap,* of *Rocap, Rocap & Giunta,* for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, March 26, 1980:

American Process Lettering, Inc. (Employer) appeals a determination by the Unemployment Compensation Board of Review (Board) which granted Richard P. Mahoney (Claimant) unemployment compensation benefits. The Board reversed the decision of the referee which had declared Claimant ineligible for benefits under the provisions of Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).[1]

The Board found as facts that Claimant was employed for approximately three years as a silk screen printer at a final hourly rate of $4.50 and that Claimant was discharged on April 27, 1978, on which date he was two minutes late for work. The Board determined further that prior to Claimant's last day of work he had been late "on occasion" an average of three minutes and that after Claimant was warned about his tardiness, his *attendance* record improved. The referee's pertinent findings were that during the course of his employment, the Claimant incurred "frequent latenesses" and that the Claimant was warned by his Employer that if he continued to be tardy, he would be fired.

On the basis of its findings of fact, the Board concluded that Claimant's occasional tardiness did not materially interfere with Employer's best interests. Therefore, the Board found that Claimant's behavior did not constitute willful misconduct under Section

---

[1] An employe shall be ineligible for compensation for any week—

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act.

402(e) of the Law. Accordingly, the Board granted benefits.

Employer presents the following two issues to us on appeal: (1) whether employee's actions constitute willful misconduct is a question of law to be resolved by the reviewing court and (2) whether an employee who is chronically tardy or absent is guilty of willful misconduct, thus rendering him ineligible for unemployment compensation benefits. In regard to the latter issue, since the Board only made findings that Claimant was discharged for tardiness, we will not address the question of whether chronic absences makes one guilty of willful misconduct.

Since the Employer had the burden of proving willful misconduct on the part of Claimant, and did not prevail before the Board, "our scope of review is limited to a determination of whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence." *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 241, 397 A.2d 42, 44 (1979). Thus the real issue involved here is whether the Board's finding of "occasional lateness," which did not amount to willful misconduct, can be sustained without a disregard of competent evidence.

We hold that a finding of "occasional lateness" cannot be sustained without a disregard of the evidence of Claimant's time cards from which the Employer's representative testified that Claimant was tardy approximately twenty-four times in a twelve week period. Nor can such a finding be sustained without disregard for Claimant's testimony that he was late about six or seven times each month in 1978 prior to his discharge. Such evidence manifests tardiness which is habitual, and more than just occasional.

We find that Claimant's habitual tardiness does constitute willful misconduct. Although the phrase

"willful misconduct" is not defined in the statute, our Court has consistently interpreted willful misconduct as

'. . . an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employe or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or the employe's duties and obligations to the employer.' (Emphasis deleted.)

*Unemployment Compensation Board of Review v. Walton*, 21 Pa. Commonwealth Ct. 47, 49, 343 A.2d 70, 71 (1975).

Habitual or excessive tardiness consistently has been held to constitute willful misconduct, which renders employees ineligible for benefits under Section 402(e) of the Law. This Court in *Unemployment Compensation Board of Review v. Schmid*, 20 Pa. Commonwealth Ct. 286, 289, 341 A.2d 553, 555 (1975), stated that in most instances constant tardiness would clearly fall within "wanton and wilful disregard of the employer's interest," or "the disregard of standards of behavior which an employer can rightfully expect from his employee," two of the four categories within the definition of willful misconduct as defined in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). To be guilty of willful misconduct, an employee need not intend to wrong the employer. A "conclusion of 'wilful misconduct' may be based on a finding of a conscious indifference to the duty owed the employer." *Smith v. Unemployment Compensation Board of Review*, 28 Pa.

Commonwealth Ct. 98, 101, 367 A.2d 811, 812 (1977). In *Unemployment Compensation Board of Review v. Glenn*, 23 Pa. Commonwealth Ct. 240, 244, 350 A.2d 890, 892 (1976), this Court held that "[h]abitual tardiness, particularly after warnings that a termination of services may result if the practice continues, is sufficient evidence of an employee's disregard of the employer's interest to sustain a finding of willful misconduct." As in numerous other decisions, our Court affirmed the above conclusion of law in *Bowers v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 171, 392 A.2d 890 (1978). Therein the Court determined that the claimant's habitual tardiness—consisting of twelve occasions of tardiness within a period of four months—was sufficient grounds for a finding of willful misconduct.

An advance warning is not a precondition or prerequisite to a discharge for willful misconduct. *Hartley v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 371, 397 A.2d 477 (1979). Though not a necessary element, a warning is relevant in that it reflects the employee's attitude toward his employment, *Hohnstock Unemployment Compensation Case*, 196 Pa. Superior Ct. 500, 175 A.2d 167 (1961), and thus adds to the willfulness of the misconduct. *Dunlap v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 474, 366 A.2d 618 (1976).

Tardiness of employees in reporting to work on the assembly line obviously would be detrimental to the efficiency of the Employer's operation and contrary to its best interest.

Finally, the fact that Claimant was warned to curtail his tardiness and yet continued to be late thereafter adds to the willfulness of his misconduct. The fact that Claimant's *attendance* record improved simply is not relevant.

Claimant contends that our recent decision in *Tundel v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 312, 404 A.2d 434 (1979), requires the Employer to show the existence of a promulgated standard policy regarding lateness or of warnings of the consequences of continued lateness in order to deny Claimant benefits. Claimant has misconstrued our decision, for we said,

> Finally, UCBR's finding of occasional tardiness is insufficient to support the legal conclusion of willful misconduct. While constant or excessive tardiness may be considered to be clear evidence of a conscious disregard of an employer's interests or tardiness that persists in the face of explicit warnings or enunciated standard policy may constitute willful misconduct, *see* Unemployment Compensation Board of Review v. Schmid, 20 Pa. Commonwealth Ct. 286, 341 A.2d 553 (1975), a finding of occasional lateness without concomitant evidence and findings of promulgated standard policy or warnings of the consequences will not support the denial of benefits provided by Section 402(e).

*Id.* at 317, 404 A.2d at 436.

Here, we have concluded that the Board's finding of occasional tardiness cannot be sustained without a capricious disregard of the evidence. Moreover, in the instant case, the Board did find that Claimant had been warned about his tardiness. Therefore, our holding here is consistent with our holding in *Tundel.*

We conclude that the Claimant was habitually tardy, that he acted in disregard of Employer's interest and the standards of behavior the Employer rightfully expected of the Claimant and that his conduct thus constituted "willful misconduct" warranting a denial of unemployment compensation benefits.

Accordingly, we reverse.

ORDER

AND Now, this 26th day of March, 1980, the order of the Unemployment Compensation Board of Review, dated October 5, 1978, granting benefits to Richard P. Mahoney is reversed.

President Judge BOWMAN did not participate in the decision in this case.