**Nancy KELLY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 24, 1999.
Decided March 3, 2000.

Allen J. Koslovsky, Waynesburg, for petitioner.

Judith M. Gilroy, Harrisburg, for respondent.

Before DOYLE, President Judge, KELLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the testimony of Nancy Kelly (Claimant) at a January 5, 1999 hearing constitutes substantial evidence to support a finding that she was discharged from her employment due to willful misconduct under Section 402(e) of the Unemployment Compensation Act

(Act).[1] For the reasons set forth herein, the order of the Unemployment Compensation Board of Review (Board) is hereby affirmed.

The relevant facts are as follows. Claimant worked for the Greene County Prison (Employer) as a corrections officer in August of 1998 when the Department of Transportation, Bureau of Driver Licensing (DOT) suspended her driver's license. Claimant failed to inform Employer of the status of her license, and she continued to drive while in the course of her employment as a corrections officer. On November 1, 1998, Claimant was stopped by the state police and charged with driving under the influence (DUI) of alcohol and driving on a suspended license. On November 3, 1998, Claimant notified Employer of the DUI charge and was immediately discharged.

Claimant filed for unemployment compensation benefits on November 8, 1998. Her claim was denied by the Job Center on December 1, 1998, and Claimant appealed. A hearing was subsequently scheduled for January 5, 1999 before a referee. Employer, however, did not appear at the hearing, and Claimant was the only party to testify. The referee, by decision dated January 12, 1999, reversed the Job Center and granted benefits to Claimant because Employer "did not appear for the hearing in this matter and there is no evidence in the record which is competent to establish the reason for the claimant's discharge. Accordingly, the employer has not met its burden of proof and the claimant is not disqualified."

Employer appealed to the Board, which, by order dated February 23, 1999, remanded the case to the referee for a hearing to determine whether Employer had good cause for failing to appear at the

January 5, 1999 hearing. The Board also stated that, *if* the referee determines that Employer had good cause for failing to appear at the January 5, 1999 hearing, additional evidence may be submitted by the parties on the merits of the case.

Pursuant to the Board's order, a second hearing was held on April 29, 1999, with the referee serving as the Board's hearing officer. Employer presented two witnesses at the April 29, 1999 hearing to offer testimony in an attempt to establish that it had good cause for failing to appear at the January 5, 1999 hearing and that Claimant's benefits should be denied based on the merits of the case. By decision dated May 19, 1999, the Board held that Employer did in fact have good cause for failing to appear at the January 5, 1999 hearing. Accordingly, the Board then considered the merits of the case, including the testimony presented by Employer at the April 29, 1999 hearing, and concluded that Claimant was discharged for willful misconduct and is ineligible for benefits pursuant to Section 402(e) of the Act. Claimant now appeals to this Court.

 Whether the conduct for which an employee has been discharged constitutes willful misconduct is a question of law subject to appellate review. *Runkle v. Unemployment Compensation Board of Review,* 104 Pa.Cmwlth. 275, 521 A.2d 530 (1987). The employer bears the burden of proving willful misconduct in order to disqualify a claimant from receiving benefits under the Act. *Jordon v. Unemployment Compensation Board of Review,* 684 A.2d 1096 (Pa.Cmwlth.1996). Once the employer establishes a *prima facie* case of willful misconduct, the burden shifts to the claimant to prove that his or her actions did not constitute willful misconduct under the circumstances or that he or she had good

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). This section provides, in relevant part, as follows:

 An employee shall be ineligible for compensation for any week — ... (e) In which

his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work....

cause for the behavior. *Id.* A claimant has good cause if his or her actions are justified and reasonable under the circumstances. *Id.*

■ There are four categories of activity that can constitute willful misconduct: (1) the wanton or willful disregard of the employer's interests; (2) the deliberate violation of the employer's rules; (3) the disregard of the standards of behavior which an employer can rightfully expect from an employee; and (4) negligence demonstrating an intentional disregard of the employer's interests or the employee's duties and obligations to the employer. *Altemus v. Unemployment Compensation Board of Review,* 681 A.2d 866 (Pa. Cmwlth.1996), *appeal denied,* 547 Pa. 757, 692 A.2d 567 (1997).

On appeal,[2] Claimant first argues that the Board erred in finding that Employer had good cause for failing to appear at the January 5, 1999 hearing. Claimant then argues that, absent the testimony presented by Employer at the April 29, 1999 hearing, which may not be considered, there is a lack of substantial evidence to support the Board's conclusion that Claimant committed willful misconduct. We agree with Claimant's first argument but disagree on the second. Unemployment compensation benefits are therefore denied.

As noted, Claimant first argues that the Board erred in concluding that Employer had good cause for failing to appear at the January 5, 1999 hearing, and thus should not have considered the testimony regarding the merits of the case that was presented by Employer at the April 29, 1999 hearing. On this issue we agree. Pursuant to 34 Pa.Code § 101.51, if a party is properly notified of a hearing but fails to attend without "proper cause," the hearing may be held in the absence of the missing party and the decision may be based upon the pertinent available evidence. In *Savage v. Unemployment Compensation Board of Review,* 89 Pa.Cmwlth. 61, 491 A.2d 947 (1985), we held that a party's negligence is insufficient "proper cause," as a matter of law, to justify their failure to appear at a referee's hearing.

■ In the present case, the Board found that Employer had "proper cause" for failing to appear at the January 5, 1999 hearing because "[t]he employer's personnel director had emergency surgery and was not aware of the first hearing." The record, however, shows that the prison warden received notice of the hearing on or about December 22, 1998, and that he forwarded the notice to the personnel director within a couple of days. The personnel director, although out of her office for several days in December 1998 and January 1999 due to surgery, was in her office on December 22, December 29, and December 30, 1998. She failed to explain, however, why she did not discover the hearing notice on these days, or why the person reviewing her mail in her absence did not discover the notice. Furthermore, the warden received the notice on or about December 22, 1998, far in advance of the January 5, 1999 hearing, and was available to testify on January 5, 1999. Accordingly, as in *Savage,* we hold that Employer was negligent in failing to attend the January 5, 1999 hearing and thus did not have "proper cause" for failing to do so. Indeed, the Board, in its brief to this Court, does not even attempt to argue that Employer had good cause for failing to attend the January 5, 1999 hearing. The Board's entire brief is devoted to arguing that Claimant's own testimony at the January 5, 1999 hearing constitutes substantial evidence to support the finding that Claimant was properly discharged due to willful misconduct.

---

2. Our review is limited to determining whether constitutional rights were violated or errors of law committed and whether essential findings of fact are supported by substantial evidence. *Philadelphia Gas Works v. Unemployment Compensation Board of Review,* 671 A.2d 264 (Pa.Cmwlth.1996).

■ Having determined that the Board erred by considering the testimony on the merits that was presented by Employer at the April 29, 1999 hearing, we must determine whether Claimant's testimony at the January 5, 1999 hearing constitutes substantial evidence, standing alone, to support the Board's conclusion that Claimant committed willful misconduct. Although Employer bears the burden of proving willful misconduct, a finding of willful misconduct can be based solely upon the claimant's testimony, if sufficient. *DiGiovanni v. Unemployment Compensation Board of Review*, 44 Pa.Cmwlth. 605, 404 A.2d 449 (1979). After independently reviewing the January 5, 1999 testimony of Claimant, in conjunction with the relevant case law, we conclude that there is substantial evidence to support a finding of willful misconduct by Claimant.

The heart of the Board's argument for a finding of willful misconduct is that, where driving is connected to a claimant's employment and the claimant's driver's license is suspended through his or her own fault, this constitutes willful misconduct. The Board cites *Manross v. Unemployment Compensation Board of Review*, 132 Pa.Cmwlth. 129, 572 A.2d 49 (1990), and *Williams v. Unemployment Compensation Board of Review*, 651 A.2d 708 (Pa. Cmwlth.1994). Said the Court in *Williams:*

> We have held that where one of the prerequisites for employment is possession of a driver's license and an employee loses his driving privileges through his own fault, he is ineligible for unemployment compensation benefits.... In Manross v. Unemployment Compensation Board of Review ... the claimant, a truck driver, knew a valid driver's license was a prerequisite for continued employment.... The Department [of Motor Vehicles] suspended the claimant's driver's license and because the employer had no other work which did not require a driver's license, the claimant was suspended from his

employment. We held that the failure to maintain a valid driver's license, when a prerequisite for continued employment, was clearly connected to the claimant's work and constituted willful misconduct under Section 402(e) of the Law.

*Williams,* 651 A.2d at 708.

In this case, while driving was not Claimant's primary duty as a corrections officer, it nevertheless was "connected" to her work, as indicated in the following testimony from Claimant:

> *Referee:* Okay. And—All right. During that time did you do any driving for the county?
>
> *Claimant:* Yes.
>
> *Referee:* What was the nature of that driving?
>
> *Claimant:* Picking up meals for the prison.

■ Thus, although Employer's evidence from the April 29, 1999 hearing may not be considered, Claimant's testimony from the January 5, 1999 hearing is sufficient to establish willful misconduct. (Board Decision and Order, May 19, 1999, Finding of Fact No. 4). Moreover, denial of unemployment benefits would be justified solely on the Board's finding that Claimant failed to report DOT's suspension of her license to Employer and then continued to drive during the course of her employment. (Finding of Fact Nos. 2, 3). Clearly, both of these incidents demonstrate a wanton or willful disregard of Employer's interests and a disregard of the standard of behavior, which Employer has a right to expect of its corrections officers.

Although we reject the Board's analysis concerning whether the Employer had proper cause for failure to appear at the April 29, 1999 hearing, we conclude that Claimant's own testimony is sufficient to establish willful misconduct, and accordingly, affirm the Board's denial of Claimant's unemployment compensation benefits.

## ORDER

AND NOW, this 3rd day of March, 2000, the order of the Unemployment Compensation Board of Review dated May 19, 1999 in the above-captioned matter is hereby affirmed and unemployment compensation benefits are denied in accordance with the reasoning expressed in the foregoing opinion.