# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean Fisher,                          :
           Petitioner            :
                            :   No. 1834 C.D. 2016
     v.                              :   Submitted: April 28, 2017
                            :
Unemployment Compensation             :
Board of Review,                      :
           Respondent            :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: July 17, 2017**

Sean Fisher (Claimant), representing himself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that denied him unemployment compensation (UC) benefits under Section 402(e) of the Law[1] (relating to willful misconduct). Essentially, Claimant challenges the Board's determination that he committed willful misconduct. Upon review, we affirm.

Claimant worked for Fabri-Kal Corporation (Employer) as an operator from 2010 until his last day of work in June 2016. After his separation from employment, Claimant applied for UC benefits, which were initially granted. Employer appealed. A hearing ensued before a referee.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

At the hearing, Claimant and Employer's Human Resources Manager (Human Resources Manager) testified. After the hearing, the referee issued a decision in which he made the following relevant findings:

> 2. [Claimant] had a long history of attendance occurrences, for which he had been warned multiple times, including final warnings and a last chance agreement.
>
> 3. [Claimant] was even allowed to continue work and given additional chances after the final warning and last chance agreement but yet continued to be repeatedly absent.
>
> 4. [Claimant] was then absent on 5/16 and 5/17/16.
>
> 5. [Claimant] was discharged due to his attendance.

Referee's Dec. 8/11/16, Findings of Fact (F.F.) Nos. 2-5.

> The referee further explained (with emphasis added):
>
> In the instant case, the Referee finds the testimony of [Employer's] witness to be credible and does not find the testimony of [Claimant] to be credible.
>
> In the instant case, the Referee cannot conclude that there is any credible evidence that [Claimant] had good cause for his continued absence or any credible evidence that he had good cause for the final incident of absence which precipitated his discharge. The Referee must conclude that [Claimant] was discharged for willful misconduct in connection with his work, so that [Claimant] is ineligible under Section 402(e) of the Law.

Referee's Dec. at 2.

2

Claimant, then through counsel, appealed to the Board. He also requested a remand to allow him to present additional evidence.

Ultimately, the Board affirmed the referee. In so doing, it adopted and incorporated the referee's findings as its own. It also denied Claimant's remand request. Claimant now petitions for review to this Court.

In the Argument section of his brief,[2] Claimant asserts: "[Employer] had no necessitous, compelling reason to terminate [C]laimant's employment. Employer also did not give proper disciplinary actions prior to termination, such as suspension. The [UC] Referee had no credible evidence or compelling reason to deny benefits." Br. of Pet'r at 19. Claimant also attaches a letter brief his former counsel submitted to the Board. Through that brief, Claimant argued he called off of work on May 16 and May 17, 2016, the dates preceding his termination from employment, because of an inability to obtain childcare. He further asserted he requested a shift change on those dates that would have alleviated his childcare issue, but Employer denied his request. Thus, Claimant asserted he had good cause for the final two absences before his discharge. See Mt. Airy # 1, L.L.C. v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 791 C.D. 2009, filed December 23, 2009), 2009 WL 9103007 (unreported).

---

[2] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed or whether constitutional rights were violated. Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc).

The Board counters that Claimant had a history of absenteeism for which Employer issued Claimant multiple warnings. It asserts Employer gave Claimant several chances over the years to improve his attendance, but Claimant continued to call off from work. For his final absences, the Board contends, Claimant asserted he had no one to watch his child. However, the Board did not credit Claimant's testimony as to the reason for his absences. Thus, the Board argues, Claimant did not prove good cause for his absences, and the Board properly denied Claimant UC benefits.

In UC cases, the Board is the ultimate fact-finder. Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc). As such, issues of credibility and the evidentiary weight given to conflicting testimony are within the Board's exclusive province. Id. The Board may reject the testimony of the claimant if it concludes his testimony is not worthy of belief. Adams v. Unemployment Comp. Bd. of Review, 373 A.2d 1383 (Pa. Cmwlth. 1977). Further, this Court must view the record in the light most favorable to the party prevailing before the Board. Sanders v. Unemployment Comp. Bd. of Review, 739 A.2d 616 (Pa. Cmwlth. 1999). We must give that party the benefit of all reasonable inferences that can be drawn from the evidence. Id.

In addition, "[t]he fact that [a party] may have produced witnesses who gave a different version of the events, or that [the party] might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Thus, it is irrelevant

4

whether the record contains substantial evidence to support findings other than those made by the Board; the critical inquiry is whether there is substantial evidence to support the findings actually made. Wise v. Unemployment Comp. Bd. of Review, 111 A.3d 1256 (Pa. Cmwlth. 2015); Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008).

Section 402(e) of the Law states that an employee shall be ineligible for compensation for any week in which his unemployment is a result of willful misconduct connected to his work. 43 P.S. §802(e). Willful misconduct is defined as: (1) a wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations. Grieb v. Unemployment Comp. Bd. of Review, 827 A.2d 422 (Pa. 2002). The employer bears the initial burden of establishing a claimant engaged in willful misconduct. Navickas v. Unemployment Comp. Bd. of Review, 787 A.2d 284 (Pa. 2001). Whether a claimant's actions constitute willful misconduct is a question of law fully reviewable on appeal. Id.

Employers have the right to expect employees will be at work and on time. Grand Sport Auto Body v. Unemployment Comp. Bd. of Review, 55 A.3d 186 (Pa. Cmwlth. 2012) (en banc). Nevertheless, while absenteeism standing alone is grounds for discharge, it is not willful misconduct. Lyons v. Unemployment Comp. Bd. of Review, 533 A.2d 1144 (Pa. Cmwlth. 1987). Absenteeism can constitute willful misconduct if any of the following additional

elements are present: (1) excessive absenteeism; (2) failure to notify the employer of the absence in advance; (3) lack of good or adequate cause for the absence; (4) disobedience of existing employer rules, regulations, or policy regarding absenteeism; and, (5) disregard of warnings regarding absenteeism. Pettey v. Unemployment Comp. Bd. of Review, 325 A.2d 642 (Pa. Cmwlth. 1974).

Although an advance warning is not a prerequisite to support a discharge for willful misconduct, a prior warning is relevant as it "reflects the employee's attitude toward his employment and thus adds to the willfulness of the misconduct." Am. Process Lettering, Inc. v. Unemployment Comp. Bd. of Review, 412 A.2d 1123, 1125-26 (Pa. Cmwlth. 1980).

Here, the Board found Claimant had a lengthy history of attendance issues. F.F. No. 2. Employer warned Claimant about those issues on multiple occasions, including a final warning and a last chance agreement. Id. Further, Employer allowed Claimant to continue working and gave him additional chances after the final warning and last chance agreement. F.F. No. 3. Nevertheless, Claimant was repeatedly absent. Id. Thereafter, Claimant was absent from work on May 16 and May 17, 2016. F.F. No. 4. Employer discharged Claimant based on attendance issues. F.F. No. 5. The credible testimony of Human Resources Manager supports the Board's findings. Referee's Hr'g, Notes of Testimony (N.T.), 8/9/16, at 3-6.

More particularly, Human Resources Manager testified that beginning in 2011, Employer warned Claimant regarding his absences and attendance issues.

6

N.T. at 3. Thereafter, in June 2012, Employer provided Claimant a two-year last chance warning. N.T. at 4. Employer subsequently suspended Claimant for missing the start of a safety meeting. Id. Employer then conducted a full employment review regarding Claimant's attendance issues in January 2013. Id. Nevertheless, Claimant had a subsequent attendance issue in October 2013. Id. Further, Employer issued Claimant another warning regarding attendance in November 2014. Id. Claimant again violated Employer's attendance policy in August 2015. Id. Employer opted to give Claimant another chance at that time. N.T. at 4-5. Employer issued Claimant another warning for an attendance issue in March 2016. N.T. at 5. Thereafter, Claimant called off work three times in April and May 2016. Id. Finally, Claimant called off of work on May 16 and 17, 2016, which led to Employer's decision to terminate his employment. Id.

In making its findings, the Board credited the testimony of Human Resources Manager over that of Claimant. Referee's Dec. at 2; Bd. Op. at 5. The Board also determined the record lacked any credible evidence that Claimant had good cause for his continued absences or the final absences that precipitated his discharge. Referee's Dec. at 2; Bd. Op. at 5. As such, the Board determined Claimant committed willful misconduct. Referee's Dec. at 2; Bd. Op. at 5. No error is apparent in the Board's ultimate determination that Claimant committed disqualifying willful misconduct. Indeed, the Board expressly rejected Claimant's testimony regarding the purported good cause for his final absences.

Further, Mt. Airy, cited by Claimant, is distinguishable. There, the Board determined the claimant had good cause for his absences and tardiness

7

based on its acceptance of the claimant's testimony. Unlike in <u>Mt. Airy</u>, the Board here expressly rejected Claimant's testimony concerning the purported good cause for his absences. Clearly, we cannot disturb the Board's credibility determination.

As a final point, Claimant argues Employer did not follow proper disciplinary procedures before terminating his employment, such as a suspension. However, at the hearing here, Claimant offered no evidence to support this assertion. Moreover, in light of the Board's supported finding as to Employer's repeated warnings to Claimant concerning his attendance issues, F.F. No. 2, it appears clear that Claimant was aware his job was in jeopardy if he continued to be absent from work.[3]

Based on the foregoing, we affirm.

ROBERT SIMPSON, Judge

---

[3] In his Summary of Argument, Claimant also asserts the Board should have only considered his final absences in deciding whether he committed willful misconduct. However, the Board here found Employer discharged Claimant based on attendance issues generally, Referee's Dec. 8/11/16, Finding of Fact No. 5, and Human Resources Manager's testimony supports this finding. N.T. at 3-6.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean Fisher,                   :
           Petitioner       :
                           :    No. 1834 C.D. 2016
            v.                     :
                           :
Unemployment Compensation    :
Board of Review,             :
           Respondent     :

## O R D E R

**AND NOW**, this 17th day of July, 2017, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge