# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Easton,                                          :
                        Petitioner                       :
                                                         :
            v.                                           :       No. 1994 C.D. 2016
                                                         :       Submitted: May 26, 2017
Unemployment Compensation                                :
Board of Review,                                         :
                        Respondent                       :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                               FILED:  September 8, 2017

Anthony L. Easton (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) that Claimant was ineligible for benefits.  The Board affirmed the decision of the Referee that Claimant's willful misconduct at work rendered him ineligible under Section 402(e) of the Unemployment Compensation Law (Law).[1]  Finding no error by the Board, we affirm.

Claimant worked as an assistant brewer for Victory Brewing Company (Employer) until his discharge on June 16, 2016, for tardiness.  Claimant filed a claim for unemployment compensation benefits, which the UC Service Center granted.  Employer appealed, asserting that Claimant "had been placed on documented probation for repetitive tardiness[, and he] fully understood that if

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), set forth *infra* at 5.

poor attendance issues continued, [he] may be terminated." Certified Record (C.R.) Item No. 7, Employer Petition for Appeal, at 3. The matter was assigned to the Referee for a hearing.

A hearing notice was sent to the parties informing them that the hearing was scheduled for August 16, 2016. Claimant did not appear at the hearing. Employer presented the testimony of its packaging manager, director of brewing, and human resources manager. Employer also placed the incident write-up sheets and timecard reports into evidence.

Based on Employer's testimonial and documentary evidence, the Referee found that Claimant was employed full-time by Employer from May 1, 2015, through June 15, 2016. Despite being aware of Employer's attendance policy, Claimant was habitually late for work. Employer warned Claimant, in writing and orally, that further violations of the attendance policy could result in termination of his employment. Nevertheless, Claimant was tardy on several occasions from March to May 2016. On the day of the final incident, June 15, 2016, Claimant did not report for the start of his scheduled shift at 10:00 p.m. When his supervisor called him at 10:30 p.m., Claimant stated that he had overslept. Claimant reported for work two hours later, offering no explanation for his delay, even though he lived 15 minutes away. On June 16, 2016, Employer discharged Claimant for his ongoing attendance issues.

The Referee concluded that Claimant's habitual tardiness constituted willful misconduct that disqualified him from receiving benefits under Section 402(e) of the Law. Claimant appealed to the Board, stating that he "do[es] not agree with the referee's determination for denying [his] claim or having to pay back over payments [because he] never received the notice of hearing[.]" C.R.

Item No. 12, Claimant Petition for Appeal, at 5. He further stated that whenever he was late to work it was because either he or his children were ill.

The Board remanded the matter to the Referee, who was designated as the Board's hearing officer to receive evidence on Claimant's reason for his nonappearance at the August 16, 2016, hearing. In its remand decision, the Board allowed the parties to provide new testimony and evidence on the merits, with the proviso that such evidence would not be considered if Claimant failed to establish proper cause for his nonappearance at the previous hearing.

The remand hearing was held on October 17, 2016. Claimant confirmed the address to which the notice of hearing was mailed was correct but testified that he did not receive the notice "or maybe it got lost in the mail." Notes of Testimony, 10/17/2016, at 4 (N.T. __). He explained that "[he did not] always collect the mail. [His] mother could have got [sic] it and put it somewhere and [he] never received it unless [he] would have been there." *Id.* Claimant acknowledged that he received the UC Service Center's notice of determination, Employer's appeal notice, the Referee's decision, and the remand hearing notice, all of which were mailed to Claimant at the same address as the initial hearing notice.

Claimant also testified on the merits of the case. He could not recall receiving a written warning in December 2015, but he did remember having a discussion with his supervisor in March 2016 where he was informed that he had used all his personal time for absences and that any further violation of Employer's attendance policy could result in termination. N.T. at 8. Claimant offered the following explanation for his attendance issues:

> [Referee]: And what was the issue with your attendance?
>
> [Claimant]: I was sick one day and they put me on some type of probationary and then I got kids, they get sick too so when I

3

went the next day … or the next week or so after I came in late because one of my daughters was sick, and then that same night I was told I was fired.

N.T. at 5. Claimant denied that he was late for his shift on June 15, 2016; he claimed that he had not been late for work since March of 2016. *Id.*

By decision dated November 4, 2016, the Board held that Claimant did not establish good cause for his nonappearance at the August 16, 2016, hearing. The Board noted that "the hearing notice was mailed to [Claimant]'s correct address and was not returned by the postal authorities as undeliverable." Board Order, 11/4/2016, at 1. The Board expressly discredited Claimant's testimony that he did not receive the hearing notice and, thus, did not consider Claimant's testimony on the merits of the case. The Board adopted the findings and conclusions of the Referee based upon the record from the original hearing and affirmed the Referee's decision. Claimant now petitions for this Court's review.[2]

On appeal,[3] Claimant argues that the Board erred in finding that he was ineligible for benefits under Section 402(e) of the Law because he "missed days from work for [himself] being ill or one of [his] children. [He] tried to give proper notice each and every time but with illnesses they can never be foreseen." Claimant Brief at 10. Claimant further argues that "[he] was consistent with [his] attendance between March 2016 [and] June 2016[,]" and that he "performed [his]

---

[2] Our scope of review is to determine whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. *Seton Company v. Unemployment Compensation Board of Review*, 663 A.2d 296, 298 n.2 (Pa. Cmwlth. 1995).

[3] Claimant does not challenge the Board's conclusion that he lacked proper cause for his nonappearance at the August 16, 2016, hearing. Accordingly, we will not consider that issue.

4

daily duties at [his] job to the best of [his] abilities and should not be penalized due to [his] health." Claimant Brief at 10-11.

We begin with Section 402(e) of the Law, which states, in pertinent part, as follows:

> An employe shall be ineligible for compensation for any week –
>
> (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act[.]

43 P.S. §802(e). Whether the conduct for which an employee has been discharged constitutes willful misconduct is a question of law subject to appellate review. *Kelly v. Unemployment Compensation Board of Review*, 747 A.2d 436, 438 (Pa. Cmwlth. 2000). To disqualify a claimant from receiving benefits under the Law, the employer bears the burden of proving willful misconduct. Once the employer establishes a *prima facie* case of willful misconduct, the burden shifts to the claimant to prove that his actions did not constitute willful misconduct under the circumstances or that he had good cause for the behavior. *Id*. at 438-39. A claimant has good cause if his actions are justified and reasonable under the circumstances. *Id*. at 439.

"There are four categories of activity that can constitute willful misconduct: (1) the wanton or willful disregard of the employer's interests; (2) the deliberate violation of the employer's rules; (3) the disregard of the standards of behavior which an employer can rightfully expect from an employee; and (4) negligence demonstrating an intentional disregard of the employer's interests or the employee's duties and obligations to the employer." *Kelly*, 747 A.2d at 439.

Habitual or excessive tardiness can constitute willful misconduct which renders an employee ineligible for benefits under Section 402(e) of the Law. *American Process Lettering, Inc. v. Unemployment Compensation Board of Review*, 412 A.2d 1123, 1125 (Pa. Cmwlth. 1980). This Court has observed that "constant tardiness would clearly fall within 'wanton and willful disregard of the employer's interest,' or 'the disregard of standards of behavior which an employer can rightfully expect from his employee,'" which are two of the four above-referenced categories. *Id*. Further, "habitual tardiness, particularly after warnings that a termination of services may result if the practice continues, is sufficient evidence of an employee's disregard of the employer's interest to sustain a finding of willful misconduct." *Id.* (quoting *Unemployment Compensation Board of Review v. Glenn*, 350 A.2d 890, 892 (Pa. Cmwlth. 1976)).

Here, the Referee found that Claimant was aware of Employer's attendance policy; had received verbal and written warnings concerning his tardiness and attendance issues; and understood that he could be fired if he did not correct those issues. Nevertheless, Claimant continued to be late in March 2016 and again in May 2016. The Referee found that on June 15, 2016, Claimant overslept and was approximately two hours late to work; this final incident resulted in his discharge.

The fact that Claimant was warned to correct his habitual tardiness and yet continued to be late thereafter shows the willfulness of his misconduct. *American Process Lettering*, 412 A.2d at 1125. Because the Referee's findings are supported by the record, the Board did not err in adopting those findings and holding that Claimant's actions constituted willful misconduct under Section 402(e) of the Law.

6

Employer having established a *prima facie* case of willful misconduct, the burden shifted to Claimant to show that he had good cause for his conduct. *Kelly*, 747 A.2d at 438-39. Claimant alleges, as he did at the remand hearing, that his tardiness was due to his illness or the illness of his children. There is no evidence of record to support that claim, however, because Claimant did not appear at the first Referee's hearing. Where a party does not have proper cause for missing a hearing, the hearing proceeds. The Board's regulation states as follows:

> If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, *the hearing may be held in his absence. In the absence of all parties, the decision may be based upon the pertinent available records*. The tribunal may take such other action as may be deemed appropriate.

34 Pa. Code §101.51 (emphasis added).

The Board held that Claimant did not have proper cause for failing to attend the first hearing, which Claimant does not challenge in his appeal. Because he was absent from the hearing, Claimant offered no evidence. Accordingly, the Board did not err in adopting the Referee's findings based upon the available record and denying benefits under Section 402(e) of the Law, 43 P.S. §802(e).

For all of the foregoing reasons, we affirm the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

Judge Cosgrove dissents.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anthony Easton, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1994 C.D. 2016 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 8th day of September, 2017, the order of the Unemployment Compensation Board of Review dated November 4, 2016, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge