IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Palmer Township,                        :
                        Petitioner      :
                                        :
        v.                              :    No. 86 C.D. 2019
                                        :    Submitted: October 4, 2019
Unemployment Compensation               :
Board of Review,                        :
                        Respondent      :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: February 18, 2020

        Palmer Township (Employer) petitions for review of an adjudication
of the Unemployment Compensation Board of Review (Board) granting John
Heaton's (Claimant) claim for unemployment benefits.  In doing so, the Board
reversed the Referee's decision that Claimant was ineligible for benefits under
Section 402(e) of the Unemployment Compensation Law (Law),[1] by reason of his
willful misconduct.   In this appeal, we consider whether the Board erred in
concluding that Claimant demonstrated good cause for his conduct.

        Claimant worked for Employer as a full-time truck driver and laborer
for approximately 26 years.  On June 22, 2018, after parking his work truck in
Employer's garage, Claimant experienced a sudden urge to urinate and relieved
himself on the garage floor.   When questioned by Employer, Claimant

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

acknowledged the incident but attributed it to a medical condition. Employer discharged Claimant as a result of this incident.[2]

Claimant applied for unemployment compensation benefits with the local service center, which denied benefits for the stated reason that Claimant committed willful misconduct. Claimant appealed, and a hearing was held before a Referee.

At the Referee hearing, Employer presented the testimony of four witnesses.[3] Claimant presented both testimonial and documentary evidence.

Scott Kistler, Superintendent of Public Works for Palmer Township, testified that approximately ten years ago there had been a similar incident, and Kistler informed Claimant that Employer did not tolerate such conduct. With respect to the incident that caused Claimant's discharge, Kistler testified that he confronted Claimant, who acknowledged what he had done. Claimant explained that his medical condition caused the incident. Specifically, Claimant told Kistler that he had "gastric bypass surgery a number of years prior and that this sudden inner urge to urinate was the result of that gastric bypass surgery." Notes of Testimony, 9/13/2018, at 10 (N.T. __); R.R. 44a. Kistler testified Claimant had never requested an accommodation for any medical issue.

Christopher Christman, Palmer Township Manager, testified that he interviewed Claimant, who admitted to his conduct. Claimant stated that he "had a sense of urgency [and] had to go" but acknowledged that he "did not make an

---

[2] Additionally, Employer discharged Claimant as a result of several other incidents, all occurring prior to June 22, 2018. *See* Reproduced Record at 17a (R.R. __).

[3] The witnesses testified regarding Claimant's alleged misconduct, Employer's investigation, and the decision to terminate Claimant's employment. In the adjudication, the Board only considered the urination incident on June 22, 2018, explaining that this incident was the proximate cause of Claimant's discharge.

2

attempt to get to the bathroom [before] urinat[ing] by his truck side." N.T. 31; R.R. 65a. Christman testified that Claimant provided medical documentation stating that Claimant's gastric bypass surgery caused dehydration. For this reason, Claimant must constantly drink water, which causes him to urinate more frequently. Another medical document stated that Claimant's medication caused frequent urination.

Claimant testified that on June 22, 2018, he worked a long day with a crew to blacktop a stretch of road. At the end of the day, he returned the truck to Employer's garage. Upon exiting the vehicle, he had a sudden urge to urinate. Claimant testified that he could not make it to the bathroom, so he relieved himself by the truck. Afterwards, he rinsed the area with water.

Claimant explained that following gastric bypass surgery, he was hospitalized for dehydration. To prevent a recurrence, he must drink a lot of water, which in turn causes him to experience "sudden frequent urge[s] to urinate[.]" N.T. 48; R.R. 82a. Claimant stated that he did not tell Employer about his medical condition because he believed that "he could manage it." N.T. 53; R.R. 87a. He had "always made it to the bathroom" on prior occasions. N.T. 49; R.R. 83a. He was upset with himself for the June 22, 2018, incident and "thought it was a terrible thing." N.T. 53; R.R. 87a.

The Referee concluded that Claimant committed willful misconduct and was ineligible for unemployment compensation. The Referee explained that Claimant lacked good cause for his actions because he had not informed Employer of any medical condition, and his medical documentation did not specify that his medical condition would cause a sudden urge to urinate.

3

Claimant appealed to the Board, which accepted the Referee's findings. However, the Board found that Claimant presented good cause for his actions, namely a medical condition that caused frequent urination. Although Claimant did not inform Employer of his condition, this did not mean that Claimant did not have good cause for what happened on June 22, 2018. The Board reversed the Referee and granted benefits. Employer petitioned for this Court's review.

On appeal,[4] Employer raises two issues. First, Employer argues that the Board's finding that Claimant had good cause for his conduct is not supported by substantial evidence. Second, Employer argues that the Board erred by placing the burden on Employer to prove that Claimant's alleged condition did not provide good cause to urinate on the garage floor.

We begin with a review of Section 402(e) of the Law, which provides:

> An employe shall be ineligible for compensation for any week--
>
> * * *
>
> (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act[.]

43 P.S. §802(e). This Court has explained that

> [t]here are four categories of activity that can constitute willful misconduct: (1) the wanton or willful disregard of the employer's interests; (2) the deliberate violation of the

---

[4] This Court's standard of review determines whether constitutional rights were violated or an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Gordon Terminal Service Company v. Unemployment Compensation Board of Review*, 211 A.3d 893, 897 n.3 (Pa. Cmwlth. 2019).

4

employer's rules; (3) the disregard of the standards of behavior which an employer can rightfully expect from an employee; and (4) negligence demonstrating an intentional disregard of the employer's interests or the employee's duties and obligations to the employer.

*Kelly v. Unemployment Compensation Board of Review*, 747 A.2d 436, 439 (Pa. Cmwlth. 2000). Whether the conduct for which an employee has been discharged constitutes willful misconduct is a question of law, and the employer bears the burden of proof. *Id.* at 438. Where the employer meets that burden, it then becomes the claimant's burden to prove that he had good cause, *i.e.*, his actions were justified and reasonable under the circumstances. *Id*. at 438-39.

The Board is the ultimate fact-finder and is free to accept or reject the testimony of any witness in whole or in part. *Collier Stone Company v. Unemployment Compensation Board of Review*, 876 A.2d 481, 483 (Pa. Cmwlth. 2005). The Board's findings are conclusive on appeal if they are supported by substantial evidence. *Philadelphia Gas Works v. Unemployment Compensation Board of Review*, 654 A.2d 153, 157 (Pa. Cmwlth. 1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* On review, this Court examines the evidence in the light most favorable to the prevailing party and gives that party the benefit of all inferences that can be logically and reasonably drawn from the testimony. *Wise v. Unemployment Compensation Board of Review*, 111 A.3d 1256, 1262 (Pa. Cmwlth. 2015).

In its first argument, Employer contends that Claimant did not prove good cause because his medical evidence did not specify a bladder control problem. Employer argues that Claimant needed medical evidence to show,

specifically, that the specific incident of June 22, 2018, was caused by his medical condition.

Claimant's conduct on June 22, 2018, is not disputed. Nor is it disputed that Employer expected elimination of bodily waste to take place in bathrooms. The legal question was whether Claimant had good cause for his conduct.

Claimant testified that he thought he could make it to the garage bathroom in time. However, once Claimant parked the truck, gathered his paperwork and lunch bag, he realized that he could not. Claimant explained that "instead of having a mess, from the back of the garage to the locker room, or any other bathroom," he relieved himself in a private spot. N.T. 44; R.R. 78a. He cleaned up the area and was upset by the incident.

Claimant testified that the measures required to prevent dehydration cause him to experience "sudden frequent urge[s] to urinate[.]" N.T. 48; R.R. 82a. Claimant provided medical documentation to corroborate his dehydration problem. Claimant also provided medical documentation that his medication, Celexa, may cause frequent urination.

The record supports the Board's finding that Claimant had good cause for his actions. A physical condition can constitute good cause for noncompliance with an employer's rule and can be shown by the claimant's own testimony or by documentary evidence. *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 1 A.3d 965, 968-69 (Pa. Cmwlth. 2010) (citing *Steffy v. Unemployment Compensation Board of Review*, 453 A.2d 591, 594 (Pa. 1982)). Here, Claimant provided both testimony and documentary evidence of his

medical condition that led to the incident that caused his discharge. The Board credited his testimony and medical documents.

The fact that Claimant's medical documentation did not specify that Claimant's condition causes "sudden" and uncontrollable "urges to urinate" does not make this evidence inadequate. Claimant testified that he had a "sudden frequent urge to urinate," N.T. 48; R.R. 82a, a fact only known to him, and the Board found his testimony credible. Further, his testimony was consistent with his credited medical documentation.

Employer argues that this Court's holdings in *Jordan v. Unemployment Compensation Board of Review*, 684 A.2d 1096 (Pa. Cmwlth. 1996), and *C.D.B. v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 811 C.D. 2018, filed March 7, 2019) (unreported), require a different result. In *Jordan*, the claimant suffered from a mood disorder, which he claimed affected his ability to report to work, including on the days in question. Because the claimant was not an expert in the field of mental disorders, this Court held his testimony inadequate to prove that the mood disorder impaired his ability to work or call off work. *Jordan*, 684 A.2d at 1100. In *C.D.B.*, the claimant suffered from panic attacks, bipolar disorder, antisocial disorder and manic depression. He threatened a supervisor with physical violence. This Court held the claimant did not establish good cause because he offered no evidence that his mental health issues made him unable to control his statements. These cases teach that where a mental illness is alleged to cause a claimant's misconduct, the claimant's testimony alone may not be adequate. Rather, expert medical testimony may be necessary to establish that illness caused the misconduct.

*Jordan* and *C.D.B.* are distinguishable. Claimant does not contend that a mental health issue caused his conduct. It was a physical condition, which was documented by his medical records.[5]

In its second issue, Employer argues that the Board placed the burden on Employer to disprove Claimant's evidence. Once the employer demonstrates an intentional violation of a work rule, the burden then shifts to the claimant to show good cause.

In the instant case, Employer met its burden of showing willful misconduct, and the burden then shifted to Claimant to prove good cause. That the Board accepted Claimant's evidence on good cause did not shift the burden to Employer. Employer's argument is essentially another challenge to the sufficiency of Claimant's evidence of good cause, which the Board found adequate. As explained above, the Board did not err in this regard.

Because Claimant proved good cause for his conduct, the Board did not err in granting Claimant benefits. Therefore, we affirm the Board's adjudication granting Claimant unemployment compensation benefits.

_____
MARY HANNAH LEAVITT, President Judge

---

[5] Employer noted the ten-year old incident where Claimant did not use the bathroom. It argues the prior incident shows his actions on June 22, 2018, were not reasonable or justifiable and not due to a medical necessity. Essentially, Employer asks this Court to reverse the Board's credibility decision, which we will not do. *See Russo v. Unemployment Compensation Board of Review,* 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010) (credibility determinations are for the Board).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Palmer Township,                        :
                    Petitioner          :
                                        :
           v.                           :    No. 86 C.D. 2019
                                        :
Unemployment Compensation               :
Board of Review,                        :
                    Respondent          :

# **O R D E R**

AND NOW, this 18th day of February, 2020, the adjudication of the Unemployment Compensation Board of Review dated December 28, 2018, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge