# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ebony U. L. Kornstedt,        :
            Petitioner        :
       :
       v.        :    No. 493 C.D. 2019
       :    Submitted: November 27, 2019
Unemployment Compensation Board    :
of Review,        :
            Respondent        :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                 FILED: February 18, 2020

Ebony U. L. Kornstedt (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying her claim for benefits under Section 402(e) of the Unemployment Compensation Law (Law), 43 P.S. §802(e).[1]  In doing so, the Board found that Claimant's refusal to follow her employer's directive constituted willful misconduct for which she lacked good cause.  For the following reasons, we affirm.

Claimant worked full-time for Statesman Health and Rehabilitation Center (Employer) as a certified nursing assistant beginning on September 17, 2017.  Her last day was October 17, 2018.  Claimant filed a claim for unemployment compensation benefits, which the Unemployment Compensation (UC) Service

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), which states, in relevant part, that "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct...."

Center granted. Employer appealed, and the Referee held a hearing on December 27, 2018.

At the outset of the hearing, the Referee explained that she would determine whether Claimant's conduct on her last day of work constituted disqualifying willful misconduct under Section 402(e) of the Law. However, when Employer's Director of Nursing, Jamy Vonberg, testified that Claimant voluntarily quit, the Referee received both parties' consent to consider Claimant's separation under both Section 402(e) and Section 402(b) of the Law.[2]

Vonberg testified that when Employer is short-staffed, nursing assistants may be temporarily reassigned to work in units or wings different than their normally assigned locations in order to ensure continuity of care. A week before the separating incident, Vonberg explained this practice to Claimant.

On October 17, 2018, Employer assigned Claimant to work in a different wing. When Claimant did not report to her reassigned area, Vonberg confronted her. Claimant stated that when Vonberg explained the reassignment policy to Claimant the previous week, it was Claimant's understanding that she would never be assigned to work in a different wing. Vonberg explained that while Employer would try to avoid modifying Claimant's assignment, it would do so if the need arose. Claimant again refused to work in the different unit.

Vonberg testified that she attempted to find another nursing assistant to cover for Claimant but was unsuccessful. She then told Claimant that she had to report to the other wing and would return to her regular unit the next day. Notes of Testimony (N.T.), 12/27/2018, at 6. Claimant replied, "[y]ou guys run this place

---

[2] Section 402(b) of the Law, 43 P.S. §802(b), states, in relevant part, that a claimant shall be ineligible for compensation for any week in which the claimant's unemployment is due to "voluntarily leaving work without cause of a necessitous and compelling nature[.]"

like a bunch of idiots, I'll just quit and you can pay me unemployment[.]" *Id.* at 6. When Claimant continued to be loud and disruptive, Vonberg told Claimant to clock out, thereby suspending her employment. Claimant began gathering her belongings, but continued being disruptive at the nurses' station.

Claimant testified on her own behalf. Claimant explained her comments to Vonberg as follows:

> I said the words that you guys run this place like you're idiots, and she said are you calling me an idiot, and then she said well, I'm your supervisor. That's grounds for suspension, and I said then you can suspend me, and she said well, then you can be suspended, and I said you know what, forget the suspension. I said you can fire me and I'll collect unemployment[.]

*Id.* at 10. She testified that she quietly gathered her belongings while Vonberg tried to "egg [her] on[.]" *Id.* The next day, she reported to work because Vonberg did not tell her when the suspension would end and Employer did not otherwise contact her about it. When she arrived, she asked for paperwork documenting either her termination or suspension and waited for a human resources employee to take her statement.

Claimant testified that her union representative arranged a meeting among Claimant, Vonberg, a second managerial staff member and a human resources employee. According to Claimant, "[t]hey told me that basically, the grievance meeting was made for me to beg for my job back." *Id.* at 11. Claimant responded that she "did not want to work for liars." *Id.* Claimant testified that this statement did not mean she did not want her job back or that she had voluntarily quit.

The Referee reversed the UC Service Center's decision, holding that Claimant was ineligible for benefits under Section 402(b) of the Law. The Referee concluded that Claimant presented no competent evidence that she voluntarily left

3

her employment due to cause of a necessitous and compelling nature. Claimant appealed to the Board and also requested a remand hearing for the purpose of offering the testimony of her union representative.

On February 21, 2019, the Board issued an adjudication with its own findings of fact. The Board found that Claimant's separation from employment was involuntary because Vonberg directed Claimant to clock out and leave. Because Claimant was discharged, the Board applied Section 402(e) to determine Claimant's eligibility.[3] The Board determined that Employer's request for Claimant to report to a different wing was reasonable and that Claimant's refusal was unreasonable given her prior conversation with Vonberg about the policy. The Board discredited Claimant's testimony that she believed Employer would never ask her to work in a different wing. Ultimately, the Board found that Claimant did not present good cause for her failure to comply with Employer's reasonable directive. It therefore affirmed the Referee's decision with the modified findings of fact and found Claimant ineligible under Section 402(e).

The Board denied Claimant's request for a remand hearing, explaining that Claimant had ample opportunity to present her defense and the additional testimony she described in her request. Claimant requested reconsideration, which the Board denied. Claimant now petitions for this Court's review.

---

[3] When all parties are on notice that more than one section of the Law is at issue at a referee's hearing, the Board may change the basis for separation from the one originally ruled upon in the initial determination. *Mellott v. Unemployment Compensation Board of Review*, 523 A.2d 412, 414 (Pa. Cmwlth. 1987).

On appeal,[4] Claimant argues that the Board erred in holding that she is ineligible for benefits under Section 402(e) of the Law. We begin with a review of Section 402(e) of the Law, which provides:

> An employe shall be ineligible for compensation for any week--
>
> * * *
>
> (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act[.]

43 P.S. §802(e). This Court has explained that

> [t]here are four categories of activity that can constitute willful misconduct: (1) the wanton or willful disregard of the employer's interests; (2) the deliberate violation of the employer's rules; (3) the disregard of the standards of behavior which an employer can rightfully expect from an employee; and (4) negligence demonstrating an intentional disregard of the employer's interests or the employee's duties and obligations to the employer.

*Kelly v. Unemployment Compensation Board of Review*, 747 A.2d 436, 439 (Pa. Cmwlth. 2000). Whether the conduct for which an employee has been discharged constitutes willful misconduct is a question of law, and the employer bears the burden of proof. *Id.* at 438. Where the employer meets that burden, it then becomes the claimant's burden to prove that he had good cause, *i.e.*, his actions were justified and reasonable under the circumstances. *Id.* at 438-39.

---

[4] Our review determines "whether constitutional rights were violated, [whether] an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Seton Company v. Unemployment Compensation Board of Review*, 663 A.2d 296, 298 n.2 (Pa. Cmwlth. 1995).

5

Where an employee is discharged for refusing to comply with an employer's directive, "both the reasonableness of the demand and the reasonableness of the employee's refusal must be examined." *Dougherty v. Unemployment Compensation Board of Review*, 686 A.2d 53, 54 (Pa. Cmwlth. 1996). An employer has the right to make reasonable changes in an employee's duties. *Id.* This Court typically requires "extraordinary circumstances" to justify a claimant's refusal to follow a reasonable employer directive. *Id.* An example of an extraordinary circumstance is when following the employer's directive will directly threaten the employee's health or safety. *McLean v. Unemployment Compensation Board of Review*, 383 A.2d 533, 537 (Pa. 1978). As we have explained:

> Normally, when any person is employed, he is employed to do a particular task at an assigned time, and at an assigned place. It does not follow that the employer agrees never to modify or change the task, the time, or the place. If the employer should decide to modify or change any of these and the change is reasonable, the employee must abide by the employer's decision at the risk of being ineligible for unemployment compensation if he refuses.

*Tucker v. Unemployment Compensation Board of Review*, 319 A.2d 195, 196 (Pa. Cmwlth. 1974).

Here, the Board concluded that Employer's directive that Claimant work in a different wing was reasonable, which is supported by the record. Employer established that Claimant would have been performing the same duties only in a different location of the center. Vonberg's testimony further established that the reassignment was not permanent and only occurred because Employer was short-staffed. Claimant would be returned to her regular unit the next day. Vonberg

6

also testified that employees took turns taking a reassignment so it was not a frequent occurrence for any one employee.

Once Employer established that its directive to Claimant was reasonable, the burden shifted to Claimant to prove good cause for her refusal. She failed to do so. Claimant offered no evidence of extraordinary circumstances, *e.g.*, a threat to her health or safety by working in a different wing. The Board discredited Claimant's testimony that she believed she would never be assigned to a different wing. Claimant's preference not to work in a different area did not justify her refusal to comply with a reasonable supervisory directive. Therefore, the Board did not err in holding that Claimant committed willful misconduct without good cause.

Next, we address Claimant's argument that the Board erred in denying her request for a remand hearing. She asserts that her union representative would support her version of events and directly contradict Employer's testimony.

Section 504 of the Law provides that the Board shall have the power to direct the taking of additional evidence. 43 P.S. §824. If the Board determines that a further hearing is necessary, the case is remanded to the referee as a hearing officer to receive additional information as may be pertinent and material to a proper conclusion of the case. 34 Pa. Code §101.104(d). A rehearing is "generally granted to allow a party the opportunity to present evidence not offered at the original hearing because it was not then available." *Fisher v. Unemployment Compensation Board of Review*, 696 A.2d 895, 897 (Pa. Cmwlth. 1997). The denial of an application for a remand will be reversed only for a clear abuse of discretion. *Id.*

In its decision, the Board explained that Claimant's request for a remand hearing for additional testimony was denied because she had "ample opportunity to present her defense at the initial hearing and [had] not provided proper

7

cause for a new hearing." Board Decision, 2/21/2019, at 2. In her request, Claimant did not aver that her witnesses were not available for the original hearing and she offered no valid reason for waiting until after the Referee's decision before trying to introduce these witnesses. Instead, Claimant stated, "[t]he employer made false statements throughout the hearing. My union representative (Saylor Winslow) is more than willing to speak to whom it may concern on my behalf to back my claims and act as [a] witness to the actual events that took place." Certified Record Item No. 10, at 4. However, because the Board's adjudication was based on Claimant's refusal to comply with Employer's directive, this testimony is irrelevant. We therefore hold that the Board did not abuse its discretion in denying a rehearing to Claimant.

Accordingly, the Board's order is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ebony U. L. Kornstedt,                :
                     Petitioner       :
                                      :
          v.                          :    No. 493 C.D. 2019
                                      :
Unemployment Compensation Board       :
of Review,                            :
                     Respondent       :

# **O R D E R**

AND NOW, this 18th day of February, 2020, the adjudication of the Unemployment Compensation Board of Review dated February 21, 2019, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge